[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 493.]

SIKORA, APPELLEE, *v.* WENZEL, APPELLANT, ET AL.

[Cite as *Sikora v. Wenzel*, 2000-Ohio-406.]

*Landlords and tenants—Landlord's violation of duties imposed by R.C. 5321.04(A)(1) or 5321.04(A)(2) constitutes negligence per se—Landlord excused from liability under either section, when.*

A landlord's violation of the duties imposed by R.C. 5321.04(A)(1) or 5321.04(A)(2) constitutes negligence *per se,* but a landlord will be excused from liability under either section if he neither knew nor should have known of the factual circumstances that caused the violation. (*Shroades v. Rental Homes, Inc.* [1981], 68 Ohio St.2d 20, 22 O.O.3d 152, 427 N.E.2d 774, clarified.)

(Nos. 99-1301 and 99-1323—Submitted March 7, 2000—Decided May 24, 2000.)

CERTIFIED by and APPEAL from Court of Appeals for Greene County, No. 98-CA-130.

---

{¶ 1} In September 1996, a deck attached to a condominium owned by Tom Wenzel collapsed during a party held by one of Wenzel's tenants. Aaron Sikora, one of the guests at the party, was injured as a result of the collapse and brought the instant negligence action. After the incident, an engineering firm hired by the city of Fairborn (the "City") concluded that the deck's collapse resulted from improper construction and design in violation of the Ohio Basic Building Code (the "OBBC").

{¶ 2} A decade earlier, before the deck was built, Zink Road Manor Investment ("Zink") owned and was developing the property where the condominium was located as a series of condominiums. After Zink submitted plans

for the condominiums to the City, Zink decided to modify the units to include decks. Documents containing the deck design were given to the City for review at a meeting between the construction company and the City. The City, however, rejected these plans because they violated the OBBC and contained insufficient information. Although the City made no further inspection of the decks during construction nor received from Zink any modified plans or other documents sufficient for it to proceed with approval, the City nevertheless issued Zink a Certificate of Occupancy.

{¶ 3} After the City issued the certificate, Wenzel purchased the property at issue from Zink. It is undisputed that Wenzel had no knowledge, either actual or constructive, as to any defect in the deck that was attached to the condominium. The parties also agree that Wenzel was in no way involved in the discussions concerning the deck between the City, the general contractor, or the subcontractors, and that he lacked any privity of contract with these entities.

{¶ 4} Following the deck's collapse, Sikora sued Wenzel, the contractor, and the design company, alleging that each was negligent and therefore jointly and severally liable. Sikora based his claim against Wenzel in part upon a violation of R.C. 5321.04(A)(1), which requires landlords to comply with all applicable provisions of the OBBC. The trial court granted summary judgment in Wenzel's favor on the basis that he lacked notice of the defect in the deck.

{¶ 5} Sikora appealed the trial court's decision to the Second District Court of Appeals, which reversed and remanded the decision below. In so doing, the court of appeals rejected the application of this court's decision in *Shroades v. Rental Homes, Inc.* (1981), 68 Ohio St.2d 20, 22 O.O.3d 152, 427 N.E.2d 774. In *Shroades*, this court paired the concepts of negligence *per se* with the requirement of notice of the defective condition for landlord liability under R.C. 5321.04(A)(2). The court of appeals disagreed with the *Shroades* notice requirement, and reasoned therefrom that Wenzel could be held strictly liable for the collapse of the deck under

R.C. 5321.04(A)(1). The court of appeals also concluded that its judgment conflicted with judgments of other appellate districts that have applied this court's reasoning in *Shroades* in factually similar cases.

**{¶ 6}** Case Nos. 99-1301 and 99-1323 have been consolidated and are before this court upon our determination that a conflict exists, and upon the allowance of a discretionary appeal.

_____

*Dyer, Garofalo, Mann & Schultz* and *Douglas A. Hess,* for appellee.

*Young & Alexander Co., L.P.A., Mark R. Chilson, Jill S. Patterson* and *Allison D. Michael*, for appellant.

*Buckingham, Doolittle & Burroughs, L.L.P.*, and *Jacqueline Marks Dossi,* urging reversal for *amicus curiae* Ohio Association of Civil Trial Attorneys.

*Havens Willis L.L.C., William L. Willis, Jr.*, and *Michael J. Sikora III*, urging reversal for *amicus curiae* Ohio Apartment Association.

_____

**COOK, J.**

**{¶ 7}** With this decision we confirm that the doctrine of negligence *per se* countenances lack of notice of a defective condition as a legal excuse. We reverse the appellate court's determination that notice is irrelevant and strict liability applies, and instead hold that a violation of R.C. 5321.04(A)(1) (failing to comply with the Ohio Basic Building Code) constitutes negligence *per se,* but that such liability may be excused by a landlord's lack of actual or constructive notice of the defective condition.

**{¶ 8}** In *Shroades v. Rental Homes, Inc.*, *supra*, this court set forth the broad principle that landlords are subject to tort liability for violations of R.C. 5321.04. *Shroades*, syllabus. Having decided that issue, the court concluded that a landlord's failure to make repairs as required by R.C. 5321.04(A)(2) constitutes negligence *per se*, but that a landlord's notice of the condition causing the violation is a

prerequisite to liability. The court of appeals here declined to apply this conclusion from *Shroades* to the instant violation of R.C. 5321.04(A)(1). The appellate court reasoned that no justification exists for the imposition of a notice requirement in a negligence *per se* context, and therefore held Wenzel strictly liable without regard to his lack of notice of the defect.

{¶ 9} Negligence *per se* and strict liability, however, are not synonymous. Courts view the evidentiary value of the violation of statutes imposed for public safety in three ways: as creating strict liability, as giving rise to negligence *per se,* or as simply evidence of negligence. See, generally, Browder, The Taming of a Duty—The Tort Liability of Landlords (1982), 81 Mich.L.Rev. 99. These are three separate principles with unique effects upon a plaintiff's burden of proof and to which the concept of notice may or may not be relevant.

{¶ 10} Strict liability is also termed "liability without fault." Black's Law Dictionary (7 Ed.1999) 926. Thus, where a statute is interpreted as imposing strict liability, the defendant will be deemed liable *per se*—that is, no defenses or excuses, including lack of notice, are applicable. See 57A American Jurisprudence 2d (1989) 76-77, Negligence, Section 19. Areas where the law typically imposes strict liability include liability for injuries inflicted from a dangerous instrumentality, liability for violations of certain statutes, and liability for injuries caused by a manufacturer, distributor, or vendor of certain products. *Id.*

{¶ 11} Courts generally agree that violation of a statute will not preclude defenses and excuses—*i.e.,* strict liability—unless the statute clearly contemplates such a result. See, *e.g., Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.* (1993), 67 Ohio St.3d 274, 617 N.E.2d 1075; see, also, *Gore v. People's Savings Bank* (1995), 235 Conn. 360, 377-378, 665 A.2d 1341, 1349. Notably, most courts refuse to impose strict liability in the context of landlord liability for defective conditions, recognizing the need for some kind of notice element prior to the imposition of liability. See Browder, *supra,* at 136.

**{¶ 12}** More frequently, then, this sort of statutory violation either will be considered as evidence of negligence or will support a finding of negligence *per se*. As this court has consistently held, the distinction between the two depends upon the degree of specificity with which the particular duty is stated in the statute. See, *e.g., Eisenhuth v. Moneyhon* (1954), 161 Ohio St. 367, 53 O.O. 274, 119 N.E.2d 440, paragraph three of the syllabus.

**{¶ 13}** Where a statute contains a general, abstract description of a duty, a plaintiff proving that a defendant violated the statute must nevertheless prove each of the elements of negligence in order to prevail. See *id*. Thus, proof will be necessary that the defendant failed to act as a reasonably prudent person under like circumstances, to which the defendant's lack of notice of a defective condition may be a relevant consideration. *Id*.; see, also, *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.* (1998), 81 Ohio St.3d 677, 680, 693 N.E.2d 271, 274; *Gore, supra,* 235 Conn. at 373, 665 A.2d at 1347.

**{¶ 14}** But where a statute sets forth " 'a positive and definite standard of care * * * whereby a jury may determine whether there has been a violation thereof by finding a single issue of fact,' " a violation of that statute constitutes negligence *per se*. *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 565, 697 N.E.2d 198, 201, quoting *Eisenhuth v. Moneyhon, supra,* 161 Ohio St. at 374-375, 53 O.O. at 278, 119 N.E.2d at 444. In situations where a statutory violation constitutes negligence *per se*, the plaintiff will be considered to have "conclusively established that the defendant breached the duty that he or she owed to the plaintiff." *Chambers, id.* In such instances, the statute "serves as a legislative declaration of the standard of care of a reasonably prudent person applicable in negligence actions." Thus the "reasonable person standard is supplanted by a standard of care established by the legislature." 57A American Jurisprudence 2d, *supra*, at 672, Negligence, Section 748.

**{¶ 15}** Negligence *per se*, however, is not equivalent to "a finding of

liability *per se* because the plaintiff will also have to prove proximate cause and damages." *Chambers, supra,* 82 Ohio St.3d at 565, 697 N.E.2d at 201, citing *Pond v. Leslein* (1995), 72 Ohio St.3d 50, 53, 647 N.E.2d 477, 479. Negligence *per se* lessens the plaintiff's burden only on the issue of the "actor's departure from the standard of conduct required of a reasonable man." 2 Restatement of the Law 2d, Torts (1965) 38, Section 288B, Comment *b*. "Such negligence makes the actor subject to liability * * * but it does not necessarily make him liable." *Id.*

{¶ 16} Furthermore, negligence *per se* and strict liability differ in that a negligence *per se* statutory violation may be "excused." As set forth in the Restatement of Torts 2d, *supra,* at 37, Section 288B(1): "The *unexcused* violation of a legislative enactment * * * which is adopted by the court as defining the standard of conduct of a reasonable man, is negligence in itself." (Emphasis added.) But "[a]n *excused* violation of a legislative enactment * * * is not negligence." (Emphasis added.) Restatement of Torts 2d, *supra*, at 32, Section 288A(1). See, also, *Reynolds v. Ohio Div. of Parole & Community Serv.* (1984), 14 Ohio St.3d 68, 71, 14 OBR 506, 471 N.E.2d 776, 779, fn. 5, quoting Prosser, Law of Torts (4 Ed.1971) 200-201, Section 36; *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 37, 30 OBR 78, 79, 506 N.E.2d 212, 215 (applying the concept of a legal excuse in the context of motor vehicle operation); *Zehe v. Falkner* (1971), 26 Ohio St.2d 258, 261, 55 O.O.2d 489, 491, 271 N.E.2d 276, 278.

{¶ 17} Lack of notice is among the legal excuses recognized by other jurisdictions and set forth in the Restatement of Torts 2d. This excuse applies where "the actor neither knows nor should know of any occasion or necessity for action in compliance with the legislation or regulation." Restatement of Torts 2d, *supra,* at 35, Section 288A(2)(b), Comment *f*. See, also, *Gore v. People's Savings Bank, supra* (applying this excuse in the context of the violation of a statutory obligation upon a landlord). This concept is also specifically recognized in 2 Restatement of the Law 2d, Property, Landlord & Tenant (1977) 261-262, Section 18.3, Comment

*c*, as applicable to landlord liability for failing to remedy a dangerous condition.

{¶ 18} It follows, then, that a determination of liability and the relevance of notice under a statute imposed for safety depends first upon which of the above categories the statute occupies. Wenzel urges us to construe the violation of R.C. 5321.04(A)(1) only as evidence of his negligence and therefore to consider his lack of notice as crucial to a determination of the breach of his duty of care. Sikora, in contrast, would have us uphold the appellate court's determination that strict liability applies and that Wenzel's lack of notice is irrelevant.

{¶ 19} We reject Sikora's argument that the statute imposes strict liability. R.C. 5321.04(A)(1) requires landlords to "[c]omply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety." Considering the general reluctance among courts to impose strict liability in this context, the wording of the statute fails to convince us that the General Assembly intended to create strict liability upon a violation of this statutory requirement. Absent language denoting that liability exists without possibility of excuses, we are unpersuaded that the intent behind this statute was to eliminate excuses and impose strict liability.

{¶ 20} Nor do we agree with Wenzel that the language of that statute is so general or abstract as to constitute merely evidence of negligence. Rather, we believe the statutory requirement is stated with sufficient specificity to impose negligence *per se*. It is "fixed and absolute, the same under all circumstances and is imposed upon" all landlords. *Ornella v. Robertson* (1968), 14 Ohio St.2d 144, 150, 43 O.O.2d 246, 249, 237 N.E.2d 140, 143. Accordingly, we conclude that the statute requires landlords to conform to a particular standard of care, the violation of which constitutes negligence *per se*.

{¶ 21} Having determined that the statute's violation constitutes negligence *per se*, we turn now to the question of whether Wenzel's lack of notice of the defect in the deck excuses the violation. Both parties agree that Wenzel neither knew nor

had any way of knowing of the defective condition. The City issued the necessary approval documents despite having failed to reinspect the situation. Because Wenzel was not involved at that point, however, he had no reason to question the validity of the City's certification. Thus, no factual circumstances existed that would have prompted or required Wenzel to investigate the process that occurred between the City and the developer prior to his involvement. Given that Wenzel neither knew nor should have known of the condition giving rise to the violation of R.C. 5321.04(A)(1), his violation is excused and he is not liable to Sikora for failing to comply with the OBBC.

{¶ 22} We hold, therefore, that a landlord's violation of the duties imposed by R.C. 5321.04(A)(1) or 5321.04(A)(2) constitutes negligence *per se,* but a landlord will be excused from liability under either section if he neither knew nor should have known of the factual circumstances that caused the violation. (*Shroades v. Rental Homes, Inc.* [1981], 68 Ohio St.2d 20, 22 O.O.3d 152, 427 N.E.2d 774, clarified.) To the extent that *Shroades* was ambiguous as to the source and nature of the notice requirement applicable to a violation of a statute imposing negligence *per se*, we clarify that standard by our decision here.

{¶ 23} For the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

RESNICK, J., concurs separately.

DOUGLAS, J., not participating.

---

**ALICE ROBIE RESNICK, J., concurring.**

{¶ 24} I write separately simply to make it crystal clear that the law would never require a landlord to be an insurer of the safety of others. In this case, it is

8

agreed that the landlord had no knowledge of the latent defect, and it is basic hornbook law that in the absence of actual or constructive knowledge, a landlord is not liable.

————————————