decision and journal entry
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Terrance Robinson, Sr., Terrance Robinson, Jr., and Alan Robinson, appeal from the decision of the Summit County Court of Common Pleas granting summary judgment in favor of Appellee, Akron Metropolitan Housing Authority. This Court affirms.
Appellants filed a complaint for damages arising from the alleged negligence of Appellee. Specifically, Appellants claimed that Appellee failed to inspect and maintain the furnace in a residence leased by Appellants. Appellants were exposed to carbon monoxide poisoning on December 16, 1997, which allegedly caused permanent injuries. Appellee filed a counterclaim against Terrance Robinson, Sr., ("Robinson"), alleging past due rent payments and damages. Appellee moved for summary judgment on Appellant's claim. The trial court granted the motion on February 9, 2000, and Appellants timely appealed. This Court dismissed the appeal for lack of a final order, due to Appellee's pending counterclaim. On December 13, 2000, the trial court granted Appellee's motion for summary judgment on its counterclaim. Appellant timely appealed from the judgment entry of February 9, 2000, raising one assignment of error for review.
 ASSIGNMENT OF ERROR
The lower court erred in granting [Appellee's] motion for summary judgment on the issue of [Appellee's] actual or constructive notice of the defect.
In their sole assignment of error, Appellants argue that the trial court erred in granting summary judgment in favor of Appellee on Appellants' claim because R.C. 5321.04 does not require that a landlord receive notice of a defective condition in order to impose liability. In the alternative, Appellant contends that if the statute requires notice, Appellee had constructive and actual notice of the defective furnace. We disagree with both contentions.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. An appellate court's review of a lower court's entry of summary judgment isde novo, and, like the trial court, it must view the facts in the light most favorable to the non-moving party. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id. If the moving party meets this burden of proof, the burden then shifts to the non-moving party, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial.Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Id.; Civ.R. 56(E).
R.C. 5321.04(A)(4) enumerates the statutory obligations for a landlord and mandates that a landlord "[m]aintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by him." A violation of R.C. 5321.04 constitutes negligence per se. Shroades v. Rental Homes, Inc. (1981), 68 Ohio St.2d 20,25. "[I]t must be shown that the landlord received notice of the defective condition of the rental premises, that the landlord knew of the defect, or that the tenant had made reasonable, but unsuccessful, attempts to notify the landlord." Id. at 25-26.
More recently, in Sikora v. Wenzel (2000), 88 Ohio St.3d 493, the Ohio Supreme Court noted that negligence per se and strict liability are not synonymous. Id. at 495. The Court explained the difference as follows:
[N]egligence per se and strict liability differ in that a negligenceper se statutory violation may be "excused." * * * Lack of notice is among the legal excuses recognized by other jurisdictions and set forth in the Restatement of Torts 2d. This excuse applies where "the actor neither knows nor should know of any occasion or necessity for action in compliance with the legislation or regulation."
(Citation omitted.) Id. at 497. Factual circumstances must exist that would prompt or require a landlord to investigate. Id. at 498. Therefore, contrary to Defendant's contention, R.C. 5321.04(A)(4) requires that a landlord receive notice of the defective condition in order to impose liability. See Lockhart v. Mayfield (Sept. 18, 1991), Summit App. No. 14990, unreported, at 3-4, citing Shroades,68 Ohio St.2d at 25-26. See, also, Burnworth v. Harper (1996), 109 Ohio App.3d 401
(finding that a landlord who had no notice of defective heating system was not liable for death of tenant resulting from his failure to maintain a gas space heater with a clogged flue).
In support of its summary judgment motion, Appellee submitted the affidavit and deposition of Charlie Castello, Director of Maintenance for Appellee, along with documentation relating to the ongoing inspection, maintenance, and repair of the furnace in question. The documentation demonstrated that Appellee routinely inspected and/or serviced the furnace since it acquired the residence and furnace in 1985. Appellee performed inspections when tenants moved out of a residence, as well as when a new tenant moved in, referred to as move-in/move-out inspections. It conducted annual Housing Quality Standard Inspections pursuant to federal law and it performed routine maintenance pursuant to work orders. Specifically, in the two years prior to the incident, Appellee conducted a move-in/move-out inspection on February 7, 1996; serviced the furnace on April 2, 1996, pursuant to a work order generated from the previous inspection; and performed annual Housing Quality Standard Inspections on August 2, 1996, and September 18, 1997. In his affidavit, Castello stated that since the time Appellee acquired the residence and prior to the incident of December 16, 1997, he did not know of, receive notice of, or have any reason to believe any defect existed in the furnace capable of causing carbon monoxide poisoning.
Appellee also submitted an affidavit and deposition of Michael Clowser, an HVAC Mechanic for Appellee. Clowser testified, in part, regarding the service to the furnace performed on April 2, 1996. He and Daniel R. Lance, an electrician for Appellee, serviced the furnace pursuant to a work order generated from the move-in/move-out inspection of February 7, 1996. The order requested maintenance to "clean furnace 
secure duct work." Clowser stated that they repaired the ductwork that had moved away from the wall. However, he testified that the furnace was in good working order. He stated that they took "the burners out and cleaned them, vacuumed the heat exchanger, checked the wiring, and started it up to see if there [was] a problem with it." In his affidavit, Clowser stated that he did not know of, receive notice of, or have any reason to believe a defect existed in the furnace capable of causing carbon monoxide poisoning.
Appellee also submitted the affidavit and deposition of Daniel R. Lance. In his affidavit, Lance stated that when Appellee services the furnaces within its rental properties, it smoke tests the furnaces for potential carbon monoxide emissions. Lance testified that he and Clowser performed such a test on April 2, 1996, and found no defect.
Appellee also submitted the affidavit of Laverne Beasley, an inspector for Appellee. Beasley stated that she conducted the annual Housing Quality Standard Inspections for Appellee. She established that when performing an inspection she routinely "check[s] the furnace, flues, and ductwork for any obvious defects or irregularities and ensure[s] that the filters are clean." Also, she stated that "weather permitting, [she] turn[s] on the furnace to ensure it is working properly." The reports submitted from the two inspections prior to the incident in question indicate that the furnace passed both inspections. Further, in support of its motion for summary judgment, Appellee submitted Robinson's deposition. Robinson testified that he never contacted Appellee to request that the furnace be inspected.
In response to the summary judgment motion, Appellants submitted evidence that Appellee did not install carbon monoxide detectors in its buildings, as well as evidence that Appellee did not check the carbon monoxide level when it serviced the furnace on April 2, 1996. However, Appellants presented no reference to any building code or regulation that required Appellee to install a detector, nor that its absence provided Appellee with constructive notice of a defective furnace. Further, as previously stated, Appellee provided evidence that it did not have any reason to believe there was an issue with carbon monoxide emissions and, therefore, there was no reason to check the level of carbon monoxide on April 2, 1996.
Appellants also noted in their response that the record indicated that the flue damper used in the furnace may have caused the excessive carbon monoxide emissions. On that point, Appellants presented evidence that Appellee did not check the flue for leakage, even though Appellee "was aware that the flue damper used in [Appellants'] furnace was commonly used in furnaces that were installed at the same time as [Appellants'] furnace[.]" However, Appellee's knowledge that the same type of flue was used in other furnaces, without more, does not present a factual situation that would prompt Appellee to investigate the flue for a possible defect. See Sikora, 88 Ohio St.3d at 498.
Finally, Appellants submitted the affidavit of Robinson in which he stated that "[o]n numerous occasions [he] notified [Appellee] of the deficient condition of the property." In their appellate reply brief, Appellants argue that Robinson's affidavit specifically states that he gave notice of the defective furnace to Appellees on numerous occasions. However, the affidavit contains only a general allegation that Robinson provided Appellee with notification of the "deficient condition of the property." Assuming arguendo that Robinson's affidavit includes the fact that he notified Appellee of the defective furnace on numerous occasions, this statement is contrary to Robinson's previous deposition testimony. This Court has previously held that where a motion for summary judgment is before the trial court and the non-moving party has presented conflicting testimony and:
an affidavit is inconsistent with affiant's prior deposition testimony as to material facts and the affidavit neither suggests affiant was confused at the deposition nor offers a reason for the contradictions in [his or her] prior testimony, the affidavit does not create a genuine issue of fact which would preclude summary judgment.
Bilder v. Estes (Apr. 4, 2001), Summit App. No. 20345, unreported, at 5, quoting Pace v. GAF Corp. (Dec. 18, 1991), Jefferson App. No 90-J-49, unreported. Robinson's affidavit offers no reason for the contradictions in his prior testimony. Consequently, Appellants have not produced evidentiary material that shows the existence of a genuine dispute over the material facts, as required.
In sum, Appellee presented evidence indicating that it did not have actual or constructive knowledge of any type of defect in the furnace. There is no evidence that indicates otherwise and R.C 5321.04 requires such notice to impose liability. There being no genuine issue of material fact on the question of Appellee's negligence, the trial court properly granted summary judgment. Appellants' sole assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ LYNN C. SLABY
BATCHELDER, P.J., CARR, J. CONCUR.