OPINION
This is an appeal from a decision of the Defiance County Common Pleas Court granting summary judgment to defendant-appellees, JKK Properties, Inc. and Ron Jones Service, Inc., in an action for damages arising from plaintiff-appellants, Jennifer and Robert Trammel's ingestion of carbon monoxide fumes in their rented mobile home.
On February 20, 1998, the Trammels moved into a rented trailer located in the Nolte Mobile Homes Park at 736 N. High Street, Lot 21 in Hicksville, Ohio. Keith McDonald is the owner/operator of the home, and Ron Jones performs periodic inspections of the heating units in the mobile home park. On the night the Trammels moved into their mobile home, they were unable to start the furnace and attempted to light the pilot themselves. The following morning they were both found unconscious as a result of carbon monoxide poisoning.
On February 27, 2000, the Trammels filed suit against Keith McDonald (McDonald) as owner and/or operator of the mobile home park, Nolte Mobile Home Park and Sales (Nolte), Ron Jones Service, Inc. (Jones) as the inspector of the furnace, and White-Rodgers Division of Emerson Electric Co. (White-Rodgers) as manufacturer/assembler/seller and/or supplier of the thermostat on the furnace in question. Subsequently, McDonald and Nolte filed cross-claims against Jones and White-Rodgers, and Jones filed a cross-claim against McDonald and Nolte. On July 28, 2000, the Trammels substituted JKK as the legal entity for Nolte. On October 13, 2000, White-Rodgers was dismissed from the Trammel's lawsuit. On October 30, 2000, McDonald and JKK filed a motion for summary judgment against the Trammels and on March 16, 2000 Jones filed a motion for summary judgment against JKK and McDonald. On January 17, 2001, McDonald and Nolte were dismissed from the action. After McDonald and Nolte were dismissed, summary judgment motions were still pending between Jones and the Trammels and JKK and the Trammels.
On September 10, 2001, the trial court granted summary judgment to JKK on its motion finding that there was no evidence that JKK had any actual or constructive notice of any defect or improper maintenance of the furnace. On September 26, 2001, the trial court also granted summary judgment to Jones on its motion finding that the evidence did not demonstrate that Jones breached any standard of care when inspecting the furnace.
The Trammels now appeal from these judgments asserting two assignments of error. The first assignment of error asserts:
 The trial court erred finding that JKK had no duty pursuant to Section 5321.04(A)(4) because JKK had no notice of a defect or the improper maintenance by a retained contractor.
An appellate court reviews a grant of summary judgment de novo. LorainNat'l Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary Judgment is proper
 if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Civ.R.56(C).
Furthermore, the party moving for summary judgment bears the initial burden of demonstrating that there is no issue of material fact. Dresherv. Burt (1996), 75 Ohio St.3d 280, 292. However, the burden of the moving party is not discharged "simply by making a conclusory assertion that the non-moving party has no evidence to prove its case." Id. at 293. The moving party must be able to point to evidence in the materials listed in Civ.R. 56(C) which indicated the lack of a genuine issue of material fact. Id. at 292. After the moving party has met its burden, the non-moving party has a reciprocal duty to point to specific facts showing that there is a genuine issue for trial. Civ.R. 56(E).
R.C. 5321.04(A) governs the duties that a landlord owes its tenants and provides:
 (A) A landlord who is a party to a rental agreement shall do all of the following:
 * * *
 (4) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures an appliances, and elevators, supplied or required to be supplied by him.
A violation of R.C. 5321.04 constitutes negligence per se. Sikora v.Wenzel (2000), 88 Ohio St.3d 493; Saunders v. Greenwood Colony (Feb. 28, 2001), Union App. No. 14-2000-40, unreported. In this context, negligence per se means that the landlord has conclusively breached his duty to the tenant by violating the statute. Saunders, supra. However, even if a tenant proves negligence per se for violating a provision of R.C. 5321.04, a landlord may be excused from liability if he "neither knew nor should have known of the factual circumstances that caused the violation."Sikora, supra; see also Lansdale v. Dursch (Nov. 6, 1998), Montgomery App. No. 16858, unreported (requiring a landlord to have actual or constructive notice that an appliance is improperly maintained to be liable under R.C. 5321.04(A)(4)); Robinson v. Akron Metropolitan HousingAuthority (Aug. 1, 2001), Summit App. No. 20405, unreported (requiring a landlord to have notice of a defective condition to be liable under R.C.5321.04(A)(4)).
In this case, the Trammel's allege that JKK knew or should have known that the furnace posed a danger and as such, was negligent in maintaining the furnace in the mobile home on Lot 21. As the movant for summary judgment, JKK must meet the threshold requirement of demonstrating through the record that there is no genuine issue of material fact. In attempting to do so, JKK relies heavily on McDonald's deposition testimony. However, our review of the record reveals that McDonald's deposition was never filed with the trial court and therefore may not be considered.[1] See Schrader v. Gillette (1988), 48 Ohio App.3d 181
(finding that a material fact may not be proven by the use of statements contained in a deposition which was neither filed with the trial court nor attached to the motion in certified form); Civ.R. 56(C).
Without the McDonald deposition, the only direct evidence regarding the prior condition of the mobile home and the furnace comes from the Trammel's and Jones. The Trammel's testified that they attempted to light the pilot light on the furnace, but that they never viewed the top of the furnace. Jones testified that he inspected the furnace on Lot 21 in September of 1997, and the furnace was working properly at that time. However, that inspection was five months prior to the occurrence of the Trammel's alleged injuries. Additionally, Duane Meekers (Meekers), an engineer, submitted an affidavit after inspecting the furnace on lot 21and reviewing the depositions of McDonald, the Trammels, Jones, and Russell Cummins, a handyman employed JKK. Meekers concluded that,
 A reasonably prudent person inspecting, repairing and/or maintaining such mobile home furnaces would have used a mechanical device to fasten the flue piping in order to prevent subsequent detachment rather than merely pushing the two parts back into place.
However, there is no direct evidence in the record the flue piping was ever separated at the time Jones inspected the furnace, or for that matter, until Meeker inspected the furnace in April of 1998. Nevertheless, based on his inspection, Meeker clearly opined that the flue piping was separated at the time of the accident and was, in fact, the proximate cause of the injury to plaintiffs.
The sum of this evidence is not sufficient to establish the there is no genuine issue of material fact as to JKK's knowledge regarding the maintenance of the furnace under R.C. 5321.04(A)(1), and is therefore not sufficient to sustain JKK's motion for summary judgment.
Based on the foregoing, JKK's motion for summary judgment was improperly granted and the Trammel's first assignment of error is sustained.
The second assignment of error asserts:
 The trial court erred finding that Jones was not negligent.
To establish actionable negligence, a plaintiff must show a duty, a breach of that duty, and an injury proximately resulting therefrom.Williams v. Cook (1999), 132 Ohio App.3d 444, 448. In this case, Jones testified at his deposition that when he inspected the home in September of 1997, he got on top of his toolbox to examine the top of the furnace and found that the flue and the vent were attached. The Trammel's rely on Meeker's affidavit to show that there is a genuine issue of material fact regarding the prudent course of action a furnace repairman would take when inspecting a furnace. However, Meeker's affidavit explains that a prudent repairman would use a mechanical device to fasten the flue piping instead of "pushing the two parts back into place." Preliminarily, we would note that Meeker based his affidavit partly on the deposition testimony of the Trammel's and McDonald. However, as noted previously, McDonald's deposition was never filed with the trial court and will not be considered.
However, accepting Meeker's affidavit as evidence, the language in his report infers that the pipes would have had to have been disconnected in order to be pushed "back into place." As such, Meeker's opinion as to what a prudent repairman would have done only applies in the event that the repairman is faced with a flue and vent that are already separated. The evidence in this case, does not reveal that to be the circumstance. The only evidence submitted regarding the flue and vent of the furnace comes from Jones' deposition testimony in which he states that the pipes were attached when he last inspected the furnace on lot 21 in September of 1997. As five months elapsed between Jones' inspection and the injuries to the Trammel's, we find that the trial court accurately found that there was no genuine issue of material fact and properly granted summary judgment to Jones. As such, the Appellant's second assignment of error is overruled.
Based on the foregoing, the judgment of the trial court is affirmed in part and reversed and remanded in part to be decided in accordance with this opinion.
Judgment Affirmed in Part and Reversed in Part.
BRYANT, and HADLEY, J.J., concur.
[1] In fact, it appears that all parties to this case including the trial court have improperly relied on the McDonald deposition.