This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Chad J. Beere, appeals from the decision of the Summit County Court of Common Pleas, granting summary judgment to appellee, Timber Top Apartments ("Timber Top"). We affirm.
On March 23, 2000, Mr. Beere filed a complaint alleging negligence and breach of duty imposed by R.C. 5321.04. The complaint was based upon an injury which occurred on January 10, 2000 in the apartment that Mr. Beere had rented from Timber Top. On such date, Mr. Beere was making dinner in the kitchen of his apartment when the glass globe covering a light fixture on the ceiling crashed down upon him. The globe, which had accumulated water in it, landed on his head and poured scalding water over his body. The water was the result of a leak, unbeknown to Mr. Beere, involving the dishwasher in the apartment above.
On August 31, 2000, Timber Top filed a motion for summary judgment and, on September 18, 2000, filed a supplement to the motion for summary judgment. On September 29, 2000, Mr. Beere filed a brief in opposition to the motion for summary judgment. A reply to the brief in opposition was filed by Timber Top on October 10, 2000. On October 12, 2001, the trial court granted Timber Top's motion for summary judgment. This appeal followed.
Mr. Beere asserts one assignment of error:
 THE TRIAL COURT ERRED BY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHERE GENUINE ISSUES OF MATERIAL FACT EXISTED TO ESTABLISH A VIOLATION OF O.R.C. § 5321.04(A)(4) ON THE PART OF DEFENDANT.
Mr. Beere asserts that the trial court erred when it granted Timber Top's motion for summary judgment because a genuine issue of material fact remained for trial regarding Timber Top's violation of R.C.5321.04(A)(4). Mr. Beere argues that it was error for the trial court to grant summary judgment on the basis that no notice was given to Timber Top as to any defective condition of the dishwasher. Specifically, Mr. Beere asserts that it was improper, with regard to the issue of notice, for the court to focus on whether the landlord had notice of the defective condition. We disagree.[1]
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491. "This court will reverse a summary judgment whenever it finds that reasonable minds could come to differing conclusions based on the evidence before the trial court." Tersigni v.Gen. Tire, Inc. (1993), 91 Ohio App.3d 757, 759.
The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. Specifically, Civ.R. 56(E) provides, in pertinant part: "When a motion for summary judgment is made and supported * * *, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."
R.C. 5321.04(A)(4) provides that a landlord must "[m]aintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances and elevators, supplied or required to be supplied by him." A violation of R.C. 5321.04 constitutes negligence per se. Shroades v. Rental Homes,Inc. (1981), 68 Ohio St.2d 20, 25. A plaintiff, however, must still establish proximate cause. Id. Additionally, "it must be shown that the landlord received notice of the defective condition of the rental premises, that the landlord knew of the defect, or that the tenant had made reasonable, but unsuccessful, attempts to notify the landlord." Id. at 25-26.
Recently, in Sikora v. Wenzel (2000), 88 Ohio St.3d 493, 497, the Ohio Supreme Court stated that, for a negligence per se statutory violation, lack of notice is a legal excuse that applies where "the actor neither knows nor should know of any occasion or necessity for action in compliance with the legislation or regulation." Factual circumstances must be in existence that would either prompt or require a landlord to investigate. Id. at 498. Consequently, "R.C. 5321.04(A)(4) requires that a landlord receive notice of the defective condition in order to impose liability." Robinson v. A.M.H.A. (Aug. 1, 2001), 9th Dist. No. 20405, at 4.
In support of the summary judgment motion, Timber Top submitted the affidavit of Christine Beckner, the property manager at Timber Top, who stated that, in between vacancies, Timber Top inspects appliances to make sure that they are in working order but that, once Timber Top leases an apartment, it retains no right to enter that apartment without the consent of the lessee, unless there is an emergency. Ms. Beckner also stated that no one, including Mr. Beere or the tenant in the apartment above, ever notified Timber Top of a water leakage problem in the tenant's apartment, #1794-B.
Timber Top also submitted a portion of Mr. Beere's deposition in which he stated that prior to the day of the accident, January 10, 2000, he had not been aware of any water leak from the apartment above. He also stated that he did not notice that anything was unusual or wrong with the light fixture prior to the time that it fell.
Timber Top also submitted a portion of the deposition of Daniel Thomas, a maintenance technician at Timber Top. In the deposition, Mr. Thomas stated that on July 13, 1999, the time period just prior to a tenant moving into apartment #1794-B, Karen Lyons, the leasing agent, made a work order with a checklist of items in the apartment that needed to be fixed. Mr. Thomas also explained that when a person first vacates an apartment at Timber Top, which in the case of apartment #1794-B was January of 1999, a housekeeper performs an inspection and runs each appliance through a full cycle.
Timber Top also submitted the deposition of Linda Keller, the housekeeper who inspected apartment #1794-B on January 27, 1999. Ms. Keller stated that it is her job to perform an inspection on an apartment once it is vacated. She explained that she has been performing inspections in apartments for eleven years in the same manner and that part of her inspection consists of running a dishwasher through a full cycle to make sure that there are no leaks in the appliance. Ms. Keller stated that she will report a loose seal or other maintenance problems on a dishwasher to the maintenance department.
When asked what happens when an apartment sits vacant, as apartment #1794-B did from January until July, Ms. Keller explained that someone will do a check of the apartment again once it is rented. Ms. Keller could not recall if she did another inspection when the apartment was rented in July of 1999 but, when asked to look at a document, she did recognize that someone else at Timber Top had submitted a maintenance service order form requesting repairs on the apartment. She acknowledged that this was not the same service order form that would be used by a housekeeper to indicate that a full inspection had been performed on the apartment.
In response to the summary judgment motion, Mr. Beere submitted another portion of Mr. Thomas' deposition. In the deposition, Mr. Thomas stated that it was a dishwasher leak in apartment #1794-B that caused the accident on January 10, 2000. Mr. Thomas stated that, when he first inspected the dishwasher, he found a towel saturated with water in front of the appliance. He then explained that a repair was made to the dishwasher seal and that such repair involved a new seal which was held in place with two metal clips along the bottom of the dishwasher tank. Mr. Thomas stated that the repair stopped the leak but added that the entire dishwasher still needed to be replaced several weeks later. He did not know the reason for the replacement. Mr. Beere further attached a portion of Ms. Keller's deposition that had been attached to Timber Top's motion and has been discussed supra.
Mr. Beere argued in his response that the dishwasher leak was caused by a seal that had dried out due to lack of moisture from the time that the apartment sat vacated. Mr. Beere asserted that his injury would not have occurred had Timber Top rechecked the dishwasher prior to leasing the apartment in July of 1999. In furtherance of this point, Mr. Beere attached an affidavit of Michael Belleck, a maintenance manager for a condominium management company located in Euclid, Ohio. Mr. Belleck attested to the fact that, if a dishwasher is left unused for at least three months, the rubber gaskets and seals begin to dry rot. He stated that there should be an inspection for dry rot if a dishwasher has been sitting idle for a period of months. Mr. Beere did not present any evidence that it was in fact dry rot that caused the dishwasher to leak into his apartment.
After reviewing the evidence, it is apparent that there is no evidence indicating that Timber Top had either actual or constructive knowledge of the defective condition of the dishwasher. Ms. Keller, the housekeeper, stated that she ran the dishwasher through a full cycle and found no leaks in the appliance in January of 1999. While there was no evidence that another check was performed on the dishwasher when a tenant moved into the apartment in July of 1999, there was a maintenance service order filled out in July by the leasing agent for repairs to be made prior to the tenant moving in and, further, no one, including the tenant or Mr. Beere, notified Timber Top of any problem with water leakage prior to the date of the injury on January 10, 2000.
Moreover, though Mr. Beere asserts that Timber Top would have found the defective condition had they inspected the dishwasher seal in July of 1999, the apartment was occupied from July until the accident occurred in January, six months later, without any complaint. Without deciding whether this is a maintenance issue, we note that whatever caused the dishwasher leak, something that ultimately led to the repair of the seal which was followed by a replacement of the entire appliance, could have occurred during this period of occupancy without any knowledge of Timber Top. There were no circumstances in existence that would either prompt or require Timber Top to investigate the condition of the dishwasher during the time that the tenant was living in apartment #1794-B. See, generally, Sikora, 88 Ohio St.3d at 498. Further, Mr. Beere presented no evidence that Timber Top should have known of any occasion or necessity for different action than that which it undertook. See id. at 497. Nothing in the record indicates that the proper maintenance would have been to replace the dishwasher seal nor is there evidence of what the standard in the industry might be.
There being no genuine issue of material fact on the issue of whether Timber Top had notice, Mr. Beere's assigned error is without merit. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
SLABY, P.J. CONCURS
[1] In deciding this opinion, we limit our review to the issue of whether it was proper for the court to focus on whether the landlord had notice of the defective condition pursuant to R.C. 5321.04(A)(4). In doing so, we decline to decide whether R.C. 5321.04(A)(4) was the proper avenue for this claim. Consequently, we do not address whether the defective condition of the dishwasher was properly before the court as a maintenance issue.