The statutory provision relied upon by Appellant is R.C. 5321.04(A)(4), which imposes a duty to maintain, as opposed to the duty to repair, found in R.C. 5321.04(A)(2). The notice requirement recognized by the Supreme Court in Sikora v. Wenzel (2000), 88 Ohio St.3d 493, is logically applicable only to the duty to repair and the duty to comply with applicable building codes, and the Supreme Court so limited it. By the enactment of R.C. 5321.04(A)(4), the legislature clearly intended to impose something beyond the duty to repair known defects and the duty to comply with codes. For the courts to impose a requirement of notice is to reduce R.C. 5321.04(A)(4) to provide nothing more than was already required in R.C. 5321.04(A)(2).
There was evidence that an extended vacancy, in and of itself, can cause problems; this evidence is, in my opinion, sufficient to create a question of fact as to the existence of a duty to maintain.
I would reverse the judgment.