I concur with the majority in overruling Dobbins' first and third assignments of error, but disagree regarding Dobbins' second assignment of error. I do not believe any authority exists for limiting the application of the negligence per se doctrine to situations in which a third-party is harmed as a result of the automobile dealer's failure to comply with R.C. 4509.101(A)(1).
A person is liable for negligence when he proximately causes harm by failing to exercise the standard of care of a reasonably prudent person. A person is negligent per se when he proximately causes harm by failing to follow a statute that "serves as a legislative declaration of the standard of care of a reasonably prudent person." Sikora v. Wenzel
(2000), 88 Ohio St.3d 493, 496, citing 57A Am.Jur.2d (1989), 672, Negligence.
R.C. 2315.19(A)(1) provides that a defendant possesses the statutory right to assert a plaintiff's own negligence as an affirmative defense to a negligence claim. R.C. 2315.19 contains no exception for plaintiffs who are alleged to be negligent under the doctrine of negligence per se. Yet, the majority effectively holds that the doctrine of negligence per se cannot be invoked as an affirmative defense, because it holds that a person can be negligent per se only with respect to a third-party, not with respect to himself.
As the majority notes, Fontaine v. Hairston (Feb. 10. 2000), Franklin App. No. 99AP-625, involved an automobile dealer's negligence per se with regard to a third-party whom an uninsured test driver hit. The automobile dealer argued that the driver's negligence, not its failure to insure the driver, proximately caused the third-party's injuries. The Fontaine court disagreed, noting that the injury in such a circumstance is not the physical injury itself, but rather the inability to be compensated to the same extent that would be possible if the dealer had ensured that the test-driver had proper insurance.
In this case, Bobb Chevrolet's alleged failure to maintain proper insurance with respect to its test-drivers resulted in the same type of injury that a third-party might have suffered. Specifically, Bobb Chevrolet allegedly has found itself unable to be compensated to the same extent that it would have been had it properly insured its test-drivers. If Bobb Chevrolet owns a policy that complies with R.C. 4509.101(A)(1) and still has a $1,000 deductible, then it is entitled (based on Dobbins' admitted negligence) to recover that loss absent a showing that it negligently caused that loss. If, however, Bobb Chevrolet's insurance policy does not comply with R.C. 4509.101(A)(1), and a compliant policy would have resulted in a smaller or no deductible, then its loss arose in part from its own failure to follow the law and its recovery must be limited accordingly.
We need not attempt to guess the specifics of Bobb Chevrolet's insurance policy. Bobb Chevrolet did not file a copy of its policy with Universal or even argue that its policy satisfied the R.C. 4509.101(A)(1) requirements. On summary judgment, the moving party bears the initial burden of proving that no genuine issue of fact exists with regard to any material issue before the court. Vahila v. Hall (1997), 77 Ohio St.3d 421,429. Thus, although comparative negligence constitutes an affirmative defense for which Dobbins would bear the burden of proof at trial, the initial burden lies with Bobb Chevrolet on its motion for summary judgment. Bobb Chevrolet did not produce any Civ.R. 56(C) evidence to affirmatively demonstrate that Dobbins had no evidence of its noncompliance with R.C. 4509.101(A)(1).
In my view, no authority exists for restricting application of R.C.4509.101(A)(1) negligence per se to third parties. Therefore, summary judgment is not appropriate in this case. Dobbins should be permitted to attempt to prove that Bobb Chevrolet failed to comply with R.C.4509.101(A)(1), and thereby is responsible or partially responsible for proximately causing its own financial loss. Therefore, I would reverse the judgment of the trial court with respect to Dobbins' second assignment of error.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J., and Evans, J.: Concur in judgment and opinion.
Kline, J.: Concurs as to assignments of error one and three, and dissents as to assignment of error two.