{¶ 38} As Plaintiff-Appellant Crosby has framed it in her "issues for review," the question she presents is whether she is entitled to a trial on her negligence per se claim. However, the statute on which she relies, R.C. 4511.28, imposes not a specific duty but one which is stated in terms that are general and abstract, those being that a driver may pass another vehicle on the right "only under conditions permitting such movement in safety." R.C. 4511.28(B). Therefore, in addition to a violation of R.C. 4511.28, Crosby was required to show that Defendant-Appellant McWilliam was negligent in order to prevail on her claim for relief. Sikora v. Wenzel (2000), 88 Ohio St.3d 493.
 {¶ 39} Negligence involves a breach of a duty of care that the law imposes, and a breach of that duty requires a finding that a particular hazard that proximately resulted in the harm concerned was reasonably foreseeable to the allegedly negligent actor. In this instance, that would require a finding that the risk of a collision arising from Crosby's left turn across her lane of travel created a risk that was reasonably foreseeable to McWilliam. Inasmuch as McWilliam had no opportunity to see Crosby's vehicle before it turned, a finding that the risk of a collision was foreseeable to McWilliam would be speculative. Therefore, negligence can't be shown, and McWilliam is not liable to Crosby, notwithstanding the fact that McWilliam may have violated the requirements that R.C. 4511.28 imposes on drivers who pass a left-turning vehicle on the right.