DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Yasine and Nicole Wright, appeal the judgment of the Summit County Court of Common Pleas granting summary judgment to Appellees, Josette and Aubrey Bryce. We affirm.
 I. {¶ 2} In December 2003, Appellees, Josette and Aubrey Brice, purchased the home located at 380 Crosby St. in Akron which is at issue in this case. Prior to purchasing the home, Appellees inspected the home twice. Appellees hired a professional home inspector to accompany them during their second inspection of the house. The inspector then generated an inspection report, which included sections for the various parts of the house (i.e. basement lighting) along with check boxes in one section and a corresponding section for additional comments. In the section labeled "Basement Stairway" the box marked "Wood" is checked and in the subsection for "Railing" the box marked "Incomplete" is also checked. There are no additional comments in the inspection report regarding the basement stairway or handrail.
 {¶ 3} On January 21, 2004, Appellant Yasine Wright ("Mr. Wright"), a tenant of Appellees at 380 Crosby St., fell as he was descending the basement stairs. The handrail became detached and Mr. Wright fell six feet to the concrete floor below, sustaining a fractured wrist. Appellants filed a complaint against Appellees on September 1, 2004, alleging that the handrail was defective in construction and did not comply with the Ohio Building Code and that Appellees were negligent in failing to maintain the home in a habitable manner. Appellees filed a motion for summary judgment on February 17, 2005, in which they asserted that there was no genuine issue of material fact regarding their liability because they had no notice of the defective handrail. Appellants opposed the motion, arguing that the inspection report put Appellees on notice of the alleged defective condition of the handrail. The trial court granted Appellees' motion on April 27, 2005, finding that the professional inspection report provided only general knowledge of the condition of the handrail which did not rise to the level of either actual or constructive knowledge. Appellants timely appealed this decision on May 18, 2005, raising two assignments of error for our review.
 {¶ 4} As Appellants' assignments of error are interrelated, we will address them together.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED BY GRANTING APPELLEES SUMMARY JUDGMENT FINDING LACK OF NOTICE OF THE ALLEGED DEFECTIVE STAIR HANDRAILING."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN GRANTING APPELLEES['] MOTION FOR SUMMARY JUDGMENT AS GENUINE ISSUES OF MATERIAL FACT EXISTED; THEREFORE THEY WERE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW."
 {¶ 5} In Appellants' two assignments of error, they contend that summary judgment was improper as Appellees were on notice of the defective condition and that genuine issues of material fact exist regarding whether Appellees had notice of the defective railing. Appellants specifically contend that the inspector's report and Appellees' two inspections of the home put them on notice of the defective basement handrailing. We disagree.
 {¶ 6} This Court reviews an award of summary judgment de novo. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948,107 S.Ct. 433, 93 L.Ed.2d 383.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 9} Appellants' negligence per se argument rests on the theory that Appellees' failure to properly maintain the railing constituted a violation of a duty mandated by R.C. § 5321.04, which states:
"(A) A landlord who is a party to a rental agreement shall do all of the following:
"(1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;
"(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;"
 {¶ 10} A violation of R.C. 5321.04 constitutes negligence per se.Shroades v. Rental Homes, Inc. (1981), 68 Ohio St.2d 20, 25. A plaintiff, however, must still establish proximate cause. Id. In Sikorav. Wenzel (2000), 88 Ohio St.3d 493, 495, the Ohio Supreme Court stated that liability for negligence per se may "be excused by a landlord's lack of actual or constructive notice of the defective condition." The Sikora
Court held that "a landlord will be excused from liability * * * if he neither knew nor should have known of the factual circumstances that caused the violation." Id. at 498, citing Shroades, 68 Ohio St.2d at 22. Consequently, "R.C. 5321.04(A)(4) requires that a landlord receive notice of the defective condition in order to impose liability." Robinson v.Akron Metro Hous. Auth. (Aug. 1, 2001), 9th Dist. No. 20405, at *4.
 {¶ 11} In support of their summary judgment motion, Appellees submitted Josette Bryce's ("Mrs. Bryce") affidavit and Mr. Wright's deposition transcript. In Mrs. Bryce's affidavit, she testified that neither the inspector nor Mr. Wright notified her or her husband of the defective condition on the basement stairs prior to Mr. Wright's fall. At his deposition, Mr. Wright testified that prior to January 21, 2004, he felt that the handrail was loose but even though he saw Appellees making other repairs at the house, he did not notify them of the loose railing.
 {¶ 12} In support of their opposition to Appellees' motion for summary judgment, Appellants submitted Mrs. Bryce's deposition and copies of the inspection agreement and inspection report. The inspection report reflects that there are five stairways at 380 Crosby St., including the basement, front porch, deck, lower unit and upper unit stairways. The inspector made specific comments regarding the front porch, deck and upper unit railings, instructing Appellees to "secure [front porch] railing to reduce safety/trip hazard", "decrease [deck/patio] railing span to reduce safety hazards associated with non standard installation" and "install handrail [for upper unit stairway] to reduce potential trip/safety hazard."
 {¶ 13} After reviewing the evidence, we find that there is no evidence that Appellees had either actual or constructive knowledge of the defective railing as we find there were no circumstances in existence that would either have prompted or required Appellees to investigate the condition of the railing prior to Mr. Wright's fall. See, generally,Sikora, 88 Ohio St.3d at 498. Our conclusion is largely based on the inspector's report in which the inspector made specific recommendations regarding defects in other stairway handrailings but made no comment regarding the basement stairway. We find that the checkmark next to the word "incomplete" gave Appellees only general notice of the condition of the basement stairway handrail. "Incomplete" does not equal "defective", in our view.
 {¶ 14} Moreover, Appellants failed to demonstrate that Appellees' two inspections put them on notice of the defect. Appellants provided no evidence that Appellees utilized the handrailing when they traversed the basements stairs on the two prior visits, and further failed to demonstrate that Appellees could even detect the loose handrailing merely by viewing it. Mr. Wright lived at the premises for five months before the fall. By contrast, Appellees owned the property for only a few weeks. Mr. Wright testified that he knew the railing was loose but never notified Appellees about the railing prior to his fall. Instead, Mr. Wright continued to use the loose handrailing to his peril. We find Mr. Wright's failure to notify Appellees of the defect particularly significant given his testimony that he observed Appellees repairing other parts of the house yet failed to apprise them of the loose basement stairway handrailing.
 {¶ 15} In addition, we find no genuine issue of material fact which would preclude summary judgment. Neither party disputes the statements in the inspector's report and Appellants admit that they knew that the basement stairway handrailing was loose, but never notified Appellees of this defect. The parties do not dispute the facts, but rather disagree as to whether these facts put Appellees on notice of the defect. Accordingly, the trial court properly granted summary judgment for Appellees and we therefore overrule Appellants' two assignments of error.
 III. {¶ 16} There being no genuine issue of material fact on the issue of whether Appellees had notice, Appellants assigned errors are without merit. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Slaby, P.J., Carr, J., concur.