DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, David Virde, appeals a grant of summary judgment to William Stalnaker entered by the Summit County Court of Common Pleas. We reverse and remand
 I. {¶ 2} On August 29, 2002, Virde filed a complaint with the Summit County Court of Common Pleas naming Stalnaker as the defendant. In the complaint, Virde alleges the following: Virde stated that his wife, Karen and her friend, Michelle Dillar, entered into a lease agreement with Stalnaker, and at the time of the lease agreement, Virde was staying at Edwin Shaw Rehabilitation Hospital "following the amputation of his right foot and leg, approximately eight inches below the knee." Shortly after the lease was signed, Virde moved into the premises with his wife and Dillar, "with the consent of" Stalnaker, and Stalnaker "knew, or should have known, that the handrail at the back steps to the premises was in serious disrepair[.]" The complaint further alleges that "[t]he tenants asked Stalnaker to fix and repair the guardrail, but he failed and refused to do so." Virde claims that while he "was carefully coming down the stairs into the backyard" the handrail loosened and he "fell and seriously injured himself." Virde states that his injuries and losses resulted from Stalnaker's negligent failure to properly maintain or repair the handrail, Stalnaker created a nuisance or dangerous condition knowing that Virde would likely be injured, and Stalnaker failed to warn.[1] Lastly, Virde alleged that Stalnaker's failure to repair the railing violated R.C. 5321.04
and is, therefore, negligence per se.
 {¶ 3} On July 7, 2003, Stalnaker filed notice of filing the following deposition transcripts; the depositions of David Virde, taken on May 10 and 14, 2003; that of Michelle Dillar, taken on October 18, 2001; and, that of Karen Virde Johnson, taken on May 17, 2003. Additionally, on the same date, Stalnaker filed a motion for summary judgment. The trial court issued a ruling granting the motion on August 6, 2003, stating that Virde had not responded to the motion.[2]
 {¶ 4} Virde appealed, raising one assignment of error.
 II. Assignment of Error
"The trial court erred in granting stalnaker's motion for summary judgment as the record shows there were genuine issues of material fact in dispute and that stalnaker was not entitled to judgment as a matter of law."
 {¶ 5} Virde argues that the trial court's ruling that Virde was a trespasser on Stalnaker's property is "utterly unwarranted and is clearly contradicted by the evidence" because Virde was an authorized guest of the tenants, "was lawfully on the premises," and Stalnaker was aware he lived there. Moreover, Virde claims that there was a genuine issue of material fact, as evidence by the deposition testimony, regarding Virde's actual status as a trespasser, a licensee, or an invitee. Virde then argues that "the evidence clearly established Virde was an invitee." Additionally, Virde claims, as an invitee, Stalnaker owed him a duty and "[t]he fact that Virde knew the railing was `loose' does not mean he was aware it would give way or that Stalnaker was absolved of all liability for anything that thereafter happened[.]" Lastly Virde urges that Stalnaker's failure to repair is negligence per se because Stalnaker violated Sec.5321.04 of the Landlords and Tenants Act of 1974.
 {¶ 6} We begin by noting that an appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} To prevail on a motion for summary judgment, the party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280,293-294. Where the non-moving party would have the burden of proving a number of elements in order to prevail at trial, the party moving for summary judgment may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See, e.g., Stivison v. Goodyear Tire Rubber Co.
(1997), 80 Ohio St.3d 498, 499. In that case, the moving party then "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." Dresher, 75 Ohio St.3d at 292. The burden would then shift to the non-moving party to show that there is a genuine issue of material fact as to that element. Id. at 293.
 {¶ 9} The Ohio Supreme Court has explained the summary judgment burden as follows:
"[T]he movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. The evidentiary materials listed in Civ.R. 56(C) include `the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any.' These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. While the movant is not necessarily obligated to place any of these evidentiary materials in the record, the evidence must be in the record or the motion cannot succeed." Id. at 292-293.
 {¶ 10} Only after the movant satisfies the initial Dresher
burden, must the nonmoving party then present evidence that some issue of material fact remains for the trial court to resolve. Id. at 294. "It is basic that regardless of who may have the burden of proof at trial, the burden is on the party moving for summary judgment to establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Horizon Savings v. Wootton (1991),73 Ohio App.3d 501, 504.
 {¶ 11} In order to prevail on his claim, Virde was required to prove that the defendant owed a duty of care to him, that the defendant breached that duty, and that the breach of the duty proximately caused his injury. Chambers v. St. Mary's School
(1998), 82 Ohio St.3d 563, 565. However, assuming that Stalnaker had met his burden, Virde could defeat summary judgment by showing that there were still genuine issues of material fact to be resolved. See Dresher, 75 Ohio St.3d at 292-293.
 {¶ 12} We first address the allegation of negligence per se. In his complaint, Virde alleges that Stalnaker's failure to repair the railing is negligence per se because Stalnaker violated a duty to repair codified at R.C. 5321.04:
"(A) A landlord who is a party to a rental agreement shall do all of the following:
"* * *.
"(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition[.]"
 {¶ 13} "In landowner liability cases, the duty of care owed depends upon the status of the plaintiff, as `Ohio adheres to the common-law classifications of invitee, licensee, and trespasser.'" Qualchoice, Inc. v. Yost Constr. Co., Inc. (Jan. 5, 2000), 9th Dist. No. 98CA007224, at 7, quoting Gladon v.Greater Cleveland Regional Transit Auth. (1996),75 Ohio St.3d 312, 315. However, a duty imposed by statute is an exception to the common law; R.C. 5321.04 clearly imposes upon landlords a duty to repair. Schoefield v. Beulah Road, Inc. (Aug. 26, 1999), 10th Dist. No 98AP-1475, citing Schroades v. RentalHomes (1981), 68 Ohio St.2d 20. "A violation of a statute that sets forth specific duties constitutes negligence per se."Schoefield, supra. A landowner owes the same duties to persons lawfully upon the leased premises as the landlord owes to the tenant. Shump v. First Continental-Robinwood Assoc. (1994),71 Ohio St.3d 414, 420.
 {¶ 14} In addressing the count of negligence per se, Stalnaker states in the motion for summary judgment only that the doctrine doesn't apply to Virde because Virde was not a tenant and the statute applies only to a tenant. Virde argues in reply that the holding of Schump required the trial court to extend the negligence per se doctrine to him. We agree that Shump
controls. A landlord is liable under Shump if: (1) the plaintiff was within the class of persons intended to be protected by the statute; (2) the harm suffered was the type of harm against which the statute was intended to guard; (3) the plaintiff establishes proximate cause; and (4) the plaintiff show that the landlord received notice of the defective condition of the rental premises, that the landlord knew of the defect, or that the tenant had made reasonable, but unsuccessful, attempts to notify the landlord. Primes v. Milbry (Nov. 19, 1997), 9th Dist. No 18236, at 4. Stalnaker, in order to meet his burden under Civ.R. 56, must demonstrate, through the evidence, that he had no notice of the defective condition of the rental premises and that he did not know of the defect. See id., at 6-7. Stalnaker submitted deposition testimony from Dillar wherein she stated that the house was well maintained and she did not report to Stalnaker that repairs were required. Likewise Karen Virde stated in her deposition that she did not contact Stalnaker about the loose rail; however,
"It was either [Dillar or Virde] that either told him or called the office. * * * But I do know that somebody was notified that the railing — the back railing was loose. * * * [Dillar or Virde] told me that." In Virde's deposition, he was asked if "[d]uring the time that you stayed there, did you request that Mr. Stalnaker do any type of repair work to the property?" He was also asked, "So you never at any time talked to [Stalnaker] or any of his staff about doing anything at that unit?" Virde answered in the negative to both questions. However, Virde also stated that he told Stalnaker about the loose railing while the two men were inspecting the rental unit next door, and he later observed Stalnaker inspecting the railing; Virde claims that at that time, Stalnaker touched the railing and saw it move. Also in his deposition, Virde stated that the first day he was at the rental unit, he saw that the railing was loose and "[t]hat's why two or three days after that is when I saw Mr. Stalnaker and told him."[3]
 {¶ 15} In his motion for summary judgment, Stalnaker failed to aver that he did not have knowledge regarding the need to repair the railing. Furthermore, the depositions Stalnaker submitted to the trial court demonstrate conflicting testimony regarding his knowledge of the need for repair. Summary judgment is inappropriate where the evidentiary materials conflict.Primes, supra, at 5. In a claim of negligence per se for violation of R.C. 5321.04, Stalnaker's knowledge of the need to repair the railing is an issue of material fact; in order for Stalnaker to prevail on summary judgment, he must show that no genuine issue of material fact exists. He has failed to produce evidence that demonstrates his lack of knowledge and, therefore, the grant of summary judgment was inappropriate on the negligence per se claim. Furthermore, the trial court determined that the evidence presented with the motion for summary judgment indicated that Virde was not lawfully upon the premises in that his common law status was that of a trespasser. However, the evidence presented to the trial court was contradictory; Virde claimed that Stalnaker knew Virde was living on the premises, yet there was also deposition testimony from Dillar to the contrary. Johnson also testified that she did not tell Stalnaker that Virde was living there and she is not sure how Stalnaker eventually came up the knowledge that Virde was in residence. The contradictory accounts preclude summary judgment on the issue of whether Virde was legally upon the premises and his status remains a genuine issue of material fact; therefore summary judgment was inappropriate on this issue.
 {¶ 16} The trial court further declared that even if Virde's status was that of an invitee, his common law claim would fail. Virde averred in his deposition that he knew that the railing was loose from the first time he was on the property, several months before his alleged accident, and no one had asked Stalnaker to repair the railing. Where an invitee admits he had actual prior knowledge of a defect, he "traverses it at his peril." Raflo v.Losantiville Country Club (1973), 34 Ohio St.2d 1, 4. We find no error in this portion of the trial court's grant of summary judgment and leave it undisturbed. The grant of summary judgment on the common law claim was appropriate.
 {¶ 17} This assignment of error is sustained in part and overruled in part.
 III. {¶ 18} Virde's assignment of error is sustained in part and overruled in part. The judgment of the Summit County Court of Appeals is reversed in part, affirmed in part, and the cause remanded.
Judgment reversed in part, sustained in part, and the cause remanded.
Whitmore, P.J., Batchelder, J., Concur.
[1] The complaint also contains allegations of housing discrimination, retaliatory eviction, and interference with fair housing rights. The trial court found for Stalnaker on these counts; however, the trial court's disposition of these counts is not part of this appeal.
[2] Virde actually did file a response on August 6, 2003, the same day the trial court released its ruling.
[3] In Primes, supra, we declined to reach the question whether a social guest who may not be in the same position as a tenant to notify the landlord of a defect is required to do so to prove negligence per se. In this case we have a social guest who testified under oath that he did accomplish the notification; therefore, this case also does not reach the question of any notification requirements of the social guest who is not in a position to notify the landlord.