DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a summary judgment issued by the Lucas County Court of Common Pleas in favor of a property owner in a premises liability suit. Because we conclude that appellant failed to present evidence sufficient to raise a question of fact as to the owner's prior knowledge of an alleged defective condition, we affirm.
 {¶ 2} Appellant, Nina A. Smith, is a nurse's aide who provides home care for elderly or disabled persons. On August 29, 2001, appellant was delivering groceries to a client's second-floor apartment when she caught her foot on a rubber stair mat in a building at 1012 North Superior Street in Toledo. As a result, appellant fell down approximately a half-flight of stairs, suffering what she alleges were severe injuries.
 {¶ 3} On August 1, 2003, appellant[1] sued the owner of the property, appellee Michael T. Finn, alleging that his failure to properly maintain the rubber stair mat constituted common-law negligence and negligence per se.
 {¶ 4} On May 3, 2004, appellee moved for summary judgment. In support of his motion appellee submitted his own affidavit averring that the rubber mat upon which appellant allegedly tripped was installed to increase traction on the wooden stairs and was in compliance with all applicable building codes. Moreover, according to appellee, despite regular inspections of the stairs, he had no knowledge of any present hazard or maintenance failure relative to the stairs prior to appellant's alleged fall. Appellee asserted that he had no superior knowledge to appellant with respect to any hazard and that if, indeed, the rubber mat constituted a hazard due to wear, it was open and obvious to any user of the stairway.
 {¶ 5} Appellant responded to appellee's motion with a memorandum in opposition.
 {¶ 6} Ultimately, the trial court concluded that because appellant failed to present evidence of appellee's prior knowledge of the purported defect, she had failed to meet her burden of showing a question of fact relating to a statutory landlord-tenant violation. The trial court also concluded that the same lack of evidence showing that appellee knew or should have known of the loose rubber mat defeated the common-law negligence claim. On these conclusions, the court granted appellee's summary judgment motion.
 {¶ 7} From that judgment, appellant now brings this appeal. Appellant sets forth the following single assignment of error:
 {¶ 8} "The trial court erred in granting summary judgment to appellee as a genuine issue of material fact remains as to whether appellee knew or should have known that several of the rubber stair mats were not secured to the individual steps."
 {¶ 9} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated.
 {¶ 10} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 11} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery (1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc.
(1999), 135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc.
(1986), 477 U.S. 242, 248.
 {¶ 12} Appellant's per se liability assertion is based upon a violation of R.C. 5321.04.
 {¶ 13} A landlord owes the same duty to persons lawfully on the leased premises as he or she owes to a tenant. Shump v. FirstContinental-Robinwood Assoc. (1994), 71 Ohio St.3d 414, syllabus.
 {¶ 14} R.C. 5321.04(A) defines certain obligations of a landlord, including a duty to comply with building, housing, health and safety codes. R.C. 5321.04(A)(1). A landlord is also obligated to make whatever repairs are necessary to maintain the premises, "* * * in a fit and habitable condition." R.C. 5321.04(A)(2). A violation of the statutory obligations imposed by R.C. 5321.04(A) constitutes negligence per se.Sikora v. Wenzel, 88 Ohio St.3d 493, 498, 2000-Ohio-406. Nevertheless, the landlord's liability for such negligence is negated if the landlord, "* * * neither knew nor should have known of the factual circumstances that caused the violation." Id., clarifying Shroades v. Rental Homes,Inc. (1981), 68 Ohio St.2d 20.
 {¶ 15} The elements of common-law negligence are a duty owed to a person, which is breached, proximately causing that person's injury.Mussivand v. David (1989), 45 Ohio St.3d 314, 318. The parties do not dispute that appellant was an invitee onto appellee's premises and that, as such, appellee owed her the duty of ordinary care to maintain the premises in a reasonably safe condition so as not to expose invitees unnecessarily to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, 203-204. The premises owner is not, however, an insurer of the invitee. Id. Where a dangerous condition exists which has not been created by the premises owner or his or her agents, one injured on the premises must show that the owner had, or in the exercise of ordinary care should have had, notice of the hazard within sufficient time to remove the condition or to warn invitees about it. Presley v.Norwood (1973), 36 Ohio St.2d 29, 31.
 {¶ 16} Consequently, for appellant to prevail on either of her theories of liability, she must present evidence that appellee knew, or should have known in the exercise of ordinary care, that the rubber mats on the stairs of 1012 North Superior Street were loose.
 {¶ 17} The only evidence of appellee's knowledge of the condition of the stair mats to which appellant points is appellee's deposition testimony that he installed the mats some 15 years earlier and that they appeared worn. Appellant submitted pictures of the rubber mats unglued from the stairs and averred that several of the treads were in this condition, but the pictures were taken and the stairs were examined after the accident.
 {¶ 18} Appellee testified that he even though he inspected the building regularly and his maintenance man lived on the premises, he had never discovered loose mats prior to the accident. Moreover, there had never been, in the owner's experience, any other accident relating to the stair treads, nor had any of the tenants ever complained of loose treads. This testimony was uncontradicted.
 {¶ 19} The only evidence that appellant presented to show that appellee should have known of any defect was the age of the rubber stair mats. That the rubber tread mats may have been old is simply not enough evidence to raise a question of fact as to whether appellee should have known of their alleged deteriorated condition.
 {¶ 20} Absent a question of fact on this issue, the trial court properly granted summary judgment to appellee. Appellant's sole assignment of error is not well-taken.
 {¶ 21} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant pursuant to App.R. 24.
Judgment Affirmed.
Arlene Singer, P.J., William J. Skow, J., Dennis M. Parish, J. Concur.
[1] On her own behalf and as guardian for her minor children in a loss of consortium claim.