DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Patricia A. Boyd has appealed the decision of the Summit County Court of Common Pleas that granted summary judgment in favor of the Defendants-Appellees Sunil Hariani, et al. This Court affirms.
 I {¶ 2} On April 12, 2004, Plaintiff-Appellant Patricia A. Boyd filed suit against Defendants-Appellees Sunil Hariani, et al. for personal injury resulting from a fall in her home on April 30, 2002. Specifically, Appellant claimed that the fall was proximately caused by a defective step at the bottom of the interior staircase. Further, the complaint alleged that as her landlords, Appellees' failure to maintain the stairway in a safe and secure condition violated a duty proscribed in R.C. 5321.04. Thus, Appellees were negligent per se.
 {¶ 3} On October 25, 2004, Appellees filed a motion for summary judgment. Appellant responded in opposition to Appellees' motion for summary judgment on December 9, 2004. On December 30, 2004, the trial court granted Appellees' motion for summary judgment. Appellant has timely appealed the decision of the trial court, asserting two assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT IMPROPERLY DISCREDITED AS `SELF-SERVING' THE APPELLANT'S DEPOSITION TESTIMONY THAT SHE NOTIFIED AMHA OF THE DEFECT ON THE STAIRCASE."
 {¶ 4} In her first assignment of error, Appellant has argued that the trial court erred in discrediting her deposition testimony as "self-serving." Specifically, Appellant has argued that the trial court categorized her deposition testimony as self-serving, and thereby improperly weighed the credibility of her testimony at the summary judgment stage. We disagree.
 {¶ 5} This Court reviews an award of summary judgment de novo. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court views the facts presented by the moving party in a light most favorable to the non-moving party and resolves any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948, 107 S. Ct. 433, 93 L. Ed. 2d 383.
 {¶ 6} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. "Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings." Elsass v. Crockett, 9th Dist. No. 22282,2005-Ohio-2142, ¶ 15. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State exrel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 8} With these principles in mind, we next must consider whether the trial court improperly characterized Appellant's testimony as self-serving.
 {¶ 9} Appellant has argued that the trial court's categorization of her deposition testimony as "self-serving" constituted a determination of the credibility of the testimony. This argument is unpersuasive. "[L]abeling evidence as `self-serving' is not the same thing as implying that same evidence lacks credibility simply because it benefits the party's position." Helms v. Cahoon (Jan. 16, 2002), 9th Dist. No. 20527, 2002-Ohio-217, at 4.
 {¶ 10} In the present case, the trial court was not weighing the credibility of the Appellant's testimony. The court simply determined that the statements made by Appellant, credible or not, were simply insufficient to defeat a properly supported summary judgment motion. "[A] party's unsupported and self-serving assertions offered to demonstrate issues of fact, standing alone and without corroborating materials contemplated by Civ.R. 56 are simply insufficient [to overcome a properly supported motion for summary judgment]." (citations omitted) Hooks v.Ciccolini, 9th Dist. No. 20745, 2002-Ohio-2322, at ¶ 12, certiorari denied (2003), 538 U.S. 910, 123 S. Ct. 1490; 155 L. Ed. 2d 232.
 {¶ 11} Appellant's sole evidence against summary judgment was her deposition testimony that she notified the Akron Metropolitan Housing Authority (AMHA) of the defective stair, and thus, made a reasonable, but unsuccessful attempt to notify the Hariani's. This testimony is self-serving, stands alone, and is without corroborating materials. SeeHooks at ¶ 12. Furthermore, the testimony is unsupported by the record.
 {¶ 12} According to evidence presented by Appellees in support of summary judgment, AMHA had no record of the defective step. Appellees presented five reports generated for AMHA inspections spanning a period from November 24, 1999 to December 11, 2003 in support of their motion for summary judgment.[1] Not one of these reports refers to a defective stair inside the home or of any complaint about the stairs made by Appellant to the AMHA inspector. Furthermore, each inspection report contains a specifically enumerated section for "Interior Stairs and Common Halls" (Section 8.6) and each inspection conducted on the property in question resulted in a passing grade or failure for an unrelated problem.[2]
 {¶ 13} Appellant attempted to bolster her position by claiming her testimony that she advised AMHA of the crack has never been contradicted; however, said testimony was inherently contradicted by Appellees' submission of the inspection reports and the lack of any substantive proof that AMHA was ever notified. Additionally, while Appellant's statement that the trial court must construe the evidence in favor of the non-moving party is a correct statement of law, this does not give Appellant carte blanche to use self-serving statements, uncorroborated by any other evidence, to automatically defeat a well supported summary judgment motion.
 {¶ 14} Appellant's first assignment of error is without merit.
 Assignment of Error Number Two
"THE TRIAL COURT DID NOT CONSIDER THAT THE APPELLANT'S NOTICE TO AMHA CONSTITUTED `REASONABLE, BUT UNSUCCESSFUL ATTEMPTS' TO NOTIFY HER LANDLORDS OR THAT THE APPELLEES HAD CONSTRUCTIVE NOTICE AS DEFINED BYSIKORA."
 {¶ 15} In her second assignment of error, Appellant has argued that Appellees were put on notice of the defective step and therefore may be held liable for her personal injury. Specifically, Appellant has argued that her notice to AMHA constituted "reasonable, but unsuccessful attempts" to notify her landlords, or in the alternative, that Appellees had constructive notice of the defective step. We disagree. For ease of analysis, we will review each argument separately.
 {¶ 16} Appellant's negligence per se claim rests on the theory that Appellees' failure to properly maintain the steps constituted a violation of a duty mandated by R.C. 5321.04, which provides:
"(A) A landlord who is a party to a rental agreement shall do all of the following:
"(1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;
"(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition."
 {¶ 17} "A violation of a statute which sets forth specific duties constitutes negligence per se." (citations omitted) Shroades v. RentalHomes, (1981), 68 Ohio St.2d 20, 25. However, in the Shroades decision, the Ohio Supreme Court noted that in order to establish proximate cause for the injuries sustained, a plaintiff must show that the landlord "knew of the defect, or that the tenant made reasonable, but unsuccessful, attempts to notify the landlord." Id. at 25-26.
 {¶ 18} More recently, the Ohio Supreme Court reaffirmed the notice requirement, holding that "a violation of R.C. 5321.04(A)(1) . . . constitutes negligence per se, but that such liability may be excused by a landlord's lack of actual or constructive notice of the defective condition." Sikora v. Wenzel (2000), 88 Ohio St.3d 493, 495.
 {¶ 19} Although not distinctly overruled by Sikora, some courts have held that Sikora eliminated the "reasonable, but unsuccessful attempts" prong of the Shroades notice requirement. See Walker v. BarnettManagement, Inc., 8th Dist. No. 84188 84210, 2004-Ohio-6632. Appellees raise this issue in their appellate brief.
"The supreme court's clarification of the notice requirement in Sikora
makes clear that a landlord can be held liable if the landlord either knew or should have known of the dangerous condition. It is not reasonable to conclude that a landlord should have known of a dangerous condition simply because the tenant made a reasonable but unsuccessful effort to notify the landlord of the condition. Sikora overruledShroades to the extent that Shroades suggested that a tenant's unsuccessful effort to provide notice to a landlord could constitute `notice.'" Id. at ¶ 54.
 {¶ 20} As discussed in Appellees' brief, a decision from the Sixth District Court of Appeals also noted that Sikora clarified Shroades' notice requirement. "Nevertheless, the landlord's liability for such negligence is negated if the landlord, `neither knew nor should have known of the factual circumstances that caused the violation.'" Smith v.Finn, 6th Dist. No. L-04-1244, 2005-Ohio-1547, at ¶ 14, quoting Sikora,88 Ohio St.3d at 498, clarifying Shroades.
 {¶ 21} Since Sikora was decided, this Court has heard three cases concerning the Shroades notice requirement. See Virde v. Stalnaker, 9th Dist. No. 21729, 2004-Ohio-2671; Beere v. Timber Top Apts., 9th Dist. No. 20843, 2002-Ohio-2093; Robinson v. A.M.H.A. (Aug. 1, 2001), 9th Dist. No. 20405. In two of the three cases, this Court refers to both the "reasonable, but unsuccessful attempts" standard of Shroades and Sikora's stricter guidepost of landlord receipt of actual or constructive notice. See Beere at ¶¶ 10-11; Robinson at 4. "R.C. 5321.04(A)(4) requires that a landlord receive notice of the defective condition in order to impose liability." Beere at ¶ 11, quoting Robinson at 4.
 {¶ 22} We agree with the analysis of the 8th District and hold thatSikora overruled Shroades sub silentio, to the extent that Shroades
suggested that a tenant's reasonable, but unsuccessful effort to provide notice to a landlord could constitute "notice." See Walker, supra.
 {¶ 23} The Supreme Court's decision in Sikora confirmed that lack of notice of a defective condition constituted a legal excuse to negligence per se. Sikora, 88 Ohio St.3d at 495. The Sikora Court narrowed the notice requirement for liability by intentionally omitting the "reasonable, but unsuccessful attempts" language and explicitly stating that liability for negligence per se may "be excused by a landlord's lack of actual or constructive notice of the defective condition." Id. The Sikora Court held that "a landlord will be excused from liability under either section if he neither knew nor should have known of the factual circumstances that caused the violation." Id. at 498, citing Shroades,68 Ohio St.2d at 22, (clarified). The Supreme Court went on to state: "To the extent that Shroades was ambiguous as to the source and nature of the notice requirement applicable to a violation of a statute imposing negligence per se, we clarify that standard by our decision here." Id.
 {¶ 24} Based on the foregoing, we find that the Sikora Court intended to clarify the notice requirement announced in Shroades and to reign in a standard that would impute liability on a landlord based on failed attempts by the tenant to notify them of a defective condition. Such a standard would be an anathema to a notice requirement and is out of step with the Supreme Court's mandate in Sikora that a landlord must know of or should have known of factual circumstances giving rise to the violation. Id. This Court agrees with the 8th District that "[i]t is not reasonable to conclude that a landlord should have known of a dangerous condition simply because the tenant made a reasonable but unsuccessful effort to notify the landlord of the condition." Walker at ¶ 54.
 {¶ 25} We next turn our attention to whether Appellees knew or should have known of the defective step, or in other words, whether Appellees had actual or constructive knowledge of the defective condition.
 {¶ 26} First, it is clear from the record that Appellant never actually notified Appellees of the defective step. In her deposition, Appellant acknowledged that she dealt with Appellee Vandala Hariani when she had questions or concerns regarding the property and specifically enumerated various complaints about the tenement that she had previously brought to Mrs. Hariani's attention. Yet, inexplicably, Appellant never spoke with Appellees concerning the cracked step. Nor did Appellant ever notify Richard Anderson, the person hired by Appellees to perform maintenance on the building and the only party who could be considered Appellees' agent.
 {¶ 27} With regard to whether notice was provided to AMHA, it appears from the record that Appellant never actually notified AMHA or their inspectors of the defective step. As previously mentioned AMHA records supplied by the Appellees show no indication of any defect with the interior staircase and make no mention of any complaint lodged by Appellant concerning a cracked step or any problem with the interior stairwell. Thus, in order to find for Appellant, this
 {¶ 28} Court must accept the arguably self-serving testimony of Appellant over documentation spanning four years worth of inspections by AMHA certified inspectors. This we decline to do.
 {¶ 29} Assuming arguendo, that Appellant had notified AMHA of the defective condition, this court does not consider notifying a third party who is not an agent of the landlord as a reasonable means by which to put a landlord on notice of a problem with the rental unit. Appellant's sworn testimony reveals that she was well aware that Appellees, not AMHA, were her landlords and that she knew how to contact them.
 {¶ 30} Appellant's argument that the Hariani's non-responsiveness dictated that she use AMHA as an intermediary does not change the fact that Appellees never received notice of the defect.
 {¶ 31} Under a theory of constructive notice, Appellant has argued that R.C. 5321.04(A)(1) and (2) contain affirmative duties that can only be fulfilled by making reasonable inspections of the property. Appellant based this argument on Britton v. Fobell (June 4, 1980), 9th Dist. No. 2921. This argument is unpersuasive for two reasons.
 {¶ 32} First, any inspection requirement mandated under Britton would be superseded by both Shroades and Sikora, neither of which mentions an affirmative duty to inspect on the part of the landlord. Both cases, and more importantly, Sikora, focus specifically on whether the landlord had actual or constructive notice of the defect and whether factual circumstances exist whereby the landlord should have known of the defective condition.
 {¶ 33} Second, five reasonable inspections were made on the property by AMHA. Accordingly, the trial court found that the "AMHA records confirm that AMHA never made a written record of any crack in the step [and] there are no notations relating to a crack in the step in the otherwise lengthy inspection reports." A review of the record reveals that not only is there no mention of the cracked step in the AMHA inspection reports, but that the "Interior Stairs and Common Halls" section of the inspection routinely made a passing grade.[3] Assuming arguendo that an inspection requirement existed, it is unreasonable to assume that an inspection by the Appellees would have discovered the hazard when no defect was ever discovered during a professional inspection.
 {¶ 34} Finally, Appellant has argued that Appellees must have had constructive knowledge of the defective step because while performing AMHA mandated maintenance on the second floor, "it must be inferred that the Hariani's agents had to observe the worsening crack in the stairs." As previously discussed, AMHA performed five inspections of the property between 1999 and 2003. At no time did AMHA inspectors ever notice the defective step. If any inference must be drawn from these facts, it is that if professional inspectors did not observe the alleged "worsening crack" over the course of five inspections spanning four years, then it is improbable that a lay maintenance person would notice the defect.
 {¶ 35} Based on the foregoing, Appellant's second assignment of error is without merit.
 III {¶ 36} Appellant's two assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., Moore, J., concur.
[1] Appellee also supplied the affidavit of Steve Knotts, an employee of the AMHA, corroborating that the inspection reports attached to the summary judgment motion were true and accurate copies of all records pertaining to all inspections conducted at the property in question from 1996 through 2002.
[2] The Interior Stairs and Common Halls failed the November 24, 1999 inspection for a broken handrail to the second floor.
[3] One inspection report, dated April 17, 2002 (13 days prior to the claimed incident) indicated no concern about a defective step. Notably, this inspection was spurred by a complaint by Appellant, dated April 12, 2002 concerning a leaking faucet, a running toilet and exposed staples. The complaint did not mention the cracked step.