JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Venetia Weir, Jeannine M. Weir, Gary Horvath, Christopher Horvath, and Tatia Horvath (collectively "appellants"), appeal from the decision of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of defendants-appellees, William Terry and Jacqueline Terry (collectively "the Terrys").[1] For the reasons stated below, we affirm.
 {¶ 2} Tatia Horvath resided in the upstairs apartment unit at 1726 Starkweather Avenue in Cleveland from the last week of September 2003 until December 5, 2003.[2] Tatia rented the unit from the Terrys. Sometime after Tatia's tenancy began, the downstairs unit was rented to Jose Soto. In their complaint, appellants raised numerous claims against the Terrys and Soto, arising from the condition of Tatia's apartment, alleged defamatory statements made by the Terrys, and alleged criminal conduct of Soto.
 {¶ 3} The trial court granted summary judgment to the Terrys. This appeal followed. Appellants have raised two assignments of error, both claiming that the trial court erred in granting the Terrys' motion for summary judgment.
 {¶ 4} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga Cty. Comm. College,150 Ohio App.3d 169, 2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood Police Dept.,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State ex rel.Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191, 1996-Ohio-326.
 {¶ 5} With this standard in mind, we shall address the issues presented with respect to appellants' claims.
 Defamation {¶ 6} Appellants argue that material issues of fact remain with respect to Tatia Horvath's defamation claim against the Terrys. In her deposition, Tatia stated that the Terrys made accusations of drinking and drug trafficking against her in the presence of her two- and three-year-old children, and in the presence of her brother and a friend. Tatia also indicated that Mrs. Terry left a message on Tatia's answering machine accusing Tatia of drinking, smoking pot, Tatia of drinking, smoking pot, and running around. Tatia indicated that the first time she played the message, her brother and her children were present. Tatia also replayed the message to several others.
 {¶ 7} The Terrys submitted affidavits indicating that they received complaints about loud noise coming from Tatia's apartment, as well as constant traffic going in and out of her apartment. The Terrys also stated they received complaints about Tatia's apartment regarding suspicious activities, such as drinking, drug trafficking, and people coming and going at all hours. The Terrys also received a letter from a local councilman indicating that he was in receipt of numerous complaints regarding heavy traffic in and out of the property and possible drug activity taking place. The letter instructed the Terrys to "take immediate action in abating this nuisance in the community."
 {¶ 8} To prevail on a defamation claim, a plaintiff must establish the following: (1) the defendant made a false statement of fact; (2) the statement was defamatory; (3) the statement was published; (4) the plaintiff was injured as a result of the statement; and (5) the defendant acted with the required degree of fault. Lennon v. Cuyahoga Cty. Juvenile Court, Cuyahoga App. No. 86651, 2006-Ohio-2587. In this case, appellants have failed to present any credible evidence that the statement was published.
 {¶ 9} Although Tatia stated that the statements were made in front of her young children, her brother, and a friend, there was no corroborating evidence of any such publication. In fact, Tatia's brother, Christopher Horvath, testified that he had no knowledge about the Terrys making false statements about Tatia. Christopher stated that Mrs. Terry left Tatia a message indicating that the neighbors had reported Christopher was out selling drugs and that Tatia was going to be evicted. Christopher indicated that the message was left on Tatia's voicemail and that Tatia listened to the message and told Christopher about it the next day. Tatia's father, Gary Horvath, testified that Tatia played the tape for him and that several others had heard the tape. Upon our review, we find no credible evidence in this case to establish that the statements were published by the Terrys. Rather, the evidence reflects that Tatia herself published the statements.
 {¶ 10} We find that the trial court properly granted summary judgment on the defamation claim. Insofar as appellants attempt to raise a claim for "false light invasion of privacy," we will not review this issue because it was not presented to the trial court.
 Violations of the Landlord-Tenant Act and Related Claims {¶ 11} Without specifically pointing to any evidence in the record, appellants argue that there are genuine issues of material fact as to (1) whether the Terrys complied with the requirements of R.C. 5321.04 by keeping the premises safe and habitable; (2) whether whether the Terrys violated R.C. 5321.16
by not returning Tatia's security deposit and not sending an itemized list of deductions; (3) whether the Terrys breached the covenant of quiet enjoyment; and (4) whether Tatia's eviction was a retaliatory eviction.
 {¶ 12} R.C. 5321.04 requires a landlord to "make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition" and to "keep all common areas of the premises in a safe and sanitary condition." In the statement of facts, appellants claimed that Tatia discovered the following problems with the unit: a shower leak, a broken doorknob, a huge hole in the sink, cockroaches, mice, paint chips, a lack of adequate locks on the hallway door, and loud noise and fighting from the downstairs apartment. The Terrys submitted affidavits indicating that the problems complained of were addressed. Although appellants assert these problems were never remedied, Tatia concedes in her deposition that many of the problems were addressed or were going to be addressed. According to Tatia's testimony, the hole in the sink was actually a hole in the floor of the cabinet under the sink that the Terrys were going to fix in the spring. The Terrys looked at the broken doorknob and "fixed it up." The Terrys had an exterminator spray the unit.
 {¶ 13} Tatia also claimed that her daughter was exposed to lead-based paint; however, no expert testimony was introduced to establish that the apartment actually contained lead-based paint or that or that exposure therein actually caused her daughter's illness. Tatia's unsupported and uncorroborated opinions are not sufficient to create a genuine issue of material fact. "[A] party's unsupported and self-serving assertions offered to demonstrate issues of fact, standing alone and without corroborating materials contemplated by Civ.R. 56 are simply insufficient [to overcome a properly supported motion for summary judgment]." Boyd v. Hariani, Summit App. No. 22500,2005-Ohio-4536, quoting Hooks v. Ciccolini, 9th Dist. No. 20745, 2002-Ohio-2322.
 {¶ 14} With respect to the failure to return the security deposit, the evidence in this case reflects that on December 14, 2003, Mr. Terry served Tatia with a three-day notice to leave the premises for nonpayment of rent.[3] Tatia's belongings remained in the apartment until December 30, 2003. The Terrys applied the security deposit to the rent owed for December. The security deposit and the monthly rent were each $425. Tatia admittedly did not pay rent for December. Pursuant to R.C.5321.16(B), the Terrys had the right to apply the security deposit to the payment of the past-due rent.
 {¶ 15} Next, the parties dispute whether a claim was brought for breach of the covenant of quiet enjoyment. Our review of the complaint reflects that no such claim was raised. Further, no argument was ever presented to the trial court on such a claim. We will not review a claim that is not properly before us.
 {¶ 16} As for their retaliatory eviction claim, the only argument made by appellants is that "there are serious differences in fact as to why the Terrys evicted and threatened to evict Tatia Horvath." Appellants point to no evidence to substantiate their argument. Appellants suggest in their reply brief that the eviction was a result of Tatia's failure to report her brother as an overnight guest. However, the record reflects that Tatia was ultimately evicted for nonpayment of rent. Appellants have failed to establish a genuine issue of material fact to support this claim.
 {¶ 17} We find the trial court properly granted summary judgment on the above claims.
Negligently Failing to Secure the Apartment and Liability for Criminal Conduct of Third Parties
 {¶ 18} Appellants raised several claims in their complaint relating to an incident that occurred on December 5, 2003. Late that night, Tatia was home with her children and several guests, including Christopher Horvath, Francis Weir, and Jeannine Weir. Apparently, Victor Caraballo was also there, but he left at some point. Venetia Weir arrived outside the apartment to pick up Francis and Jeannine. Venetia parked in the street in front of the driveway. Francis and Jeannine walked out of the apartment with Christopher. As they were with Christopher. As they were on their way outside, Jose Soto came out and started yelling at them about making too much noise. Francis, Jeannine and Christopher got into Venetia's car. Soto began hitting the windshield with a board he pulled from the fence. Venetia drove away and called the police.
 {¶ 19} Soto went back inside and began threatening Tatia. After he left, Tatia called Victor and asked him to come back because she was scared.
 {¶ 20} Eventually, Venetia drove back to wait for the police. She parked near the bar across the street from the apartment. Soto and Victor were there. At some point, a car pulled up in the street and a group of young men jumped out and started attacking Victor. One man pulled a gun. Soto ran out with a knife, threatened to kill Victor, and cut Victor's finger. The witnesses described Soto's appearance to be as though he were drunk or on drugs.
 {¶ 21} Appellants initially argue that the Terrys negligently failed to secure the apartment. Appellants suggest that the Terrys failed to maintain the premises in a safe condition, failed to provide reasonable security, and failed to protect appellants from unreasonable risks of harm. Appellants also state that reasonable minds could conclude the Terrys knew or had reason to know that a danger of a fight existed. Appellants further state that a genuine issue of fact existed as to whether the Terrys had a duty to control the conduct of their tenant, Jose Soto, and whether appellants' whether appellants' injuries were foreseeable.
 {¶ 22} Once again, appellants do not point to any specific evidence in the record to support their argument and instead rely on the vague and sometimes confusing arguments set forth in their briefs. Essentially, appellants are attempting to hold the Terrys accountable for the criminal actions of Soto and the other unidentified individuals.
 {¶ 23} In Brown v. Campbell, Cuyahoga App. Nos. 85698, 85702, 2005-Ohio-3855, this court set forth the general rule with respect to a landlord's liability for the criminal acts of a third person as follows:
"As a general rule, landlords have no duty to protect theirtenants from the criminal acts of third persons. A landlord willhave a duty, however, if plaintiff can prove that the landlordshould have reasonably foreseen the criminal activity and that hefailed to take reasonable precautions to prevent such activity,and this failure was the proximate cause of the tenant's harm.Foreseeability is based upon whether a reasonably prudent personwould have anticipated that an injury was likely to result fromthe performance or nonperformance of the act. The foreseeabilityof harm generally depends on a defendant's knowledge. Theforeseeability of criminal acts, that is, the defendant'sknowledge, is determined from the totality of thecircumstances."
(Internal quotations, footnotes, and citations omitted).
 {¶ 24} Our review of the record in this case reveals no evidence to establish that the criminal acts were foreseeable to the Terrys. There is no evidence that the Terrys had knowledge of prior similar acts. Insfoar as appellants suggest that the Terrys should have done a background check on Soto before allowing him to move in, appellants move in, appellants cite to no authority that imposes such a requirement on a landlord. Further, insofar as appellants attempted to submit police reports of Soto's prior criminal activity, these exhibits were not properly authenticated or introduced. Also, even if the Terrys had received complaints regarding Soto, there is nothing in the record to indicate that Soto's conduct would escalate.
 {¶ 25} Although appellants claim the Terrys failed to provide reasonable security, there is no evidence that added security would have prevented the incident. Indeed, the incident occurred mainly outside the premises. Further, numerous unidentified individuals were involved in the attack on Victor.
 {¶ 26} From the record before us, and under the totality of circumstances in this case, we find no evidence that the actions of Soto and the unidentified individuals were reasonably foreseeable by the Terrys. Accordingly, we find the trial court properly granted summary judgment on the claims relating to this incident.
 {¶ 27} We also find the trial court correctly granted summary judgment on any remaining claims, including false imprisonment, loss of consortium, property damage, emotional distress, punitive damages, and attorney's fees.[4] Further, we find no merit to appellants' claim appellants' claim that the trial court erred in denying their motions to compel discovery and failed to review all of the evidence.
Judgment affirmed.
It is ordered that appellees recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and McMonagle, J., concur.
[1] Victor A. Caraballo and Jennifer A. Caraballo were also plaintiffs in this action. Jennifer A. Caraballo's claims were voluntarily dismissed on July 11, 2005. Victor A. Caraballo was not named as an appellant to this appeal. Defendant Jose Soto, aka Juan Soto, also is not a party to this appeal. A default judgment was entered against him on November 29, 2005.
[2] Tatia moved out of the apartment on December 5, 2003; however, her belongings were not removed until December 30, 2003.
[3] Tatia also received a thirty-day notice on November 8, 2003 for having an unauthorized tenant. There was disputed evidence as to whether Christopher Horvath was in fact an unauthorized tenant, as opposed to a guest. However, the evidence reflects that Tatia's belongings remained in the unit after thirty days, and the ultimate basis for eviction was nonpayment of rent.
[4] We find it very concerning that plaintiff's counsel failed to dismiss the second count of the complaint once it was discovered that Gary Horvath did not own the vehicle at the time it was allegedly damaged at a residence not owned by the Terrys.