DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on an accelerated appeal from the judgment of the Lucas County Court of Common Pleas which granted the motion for summary judgment filed by appellee, Gerdenich Realty Company ("Gerdenich"), against appellant, Rachel Avila, individually and as legal guardian of her minor children. For the reasons that follow, we affirm the decision of the trial court. *Page 2 
 {¶ 2} Avila lived in her townhouse since 1999. In 2004, the townhouse's complex was sold to a new owner. At that time, Gerdenich began to manage the complex and Lynn Dixon, property manager, conducted an inspection of the townhouse. Dixon, however, did not open the garage door. On April 19, 2005, Avila started to open the garage door and the top panel collapsed on her, causing her injuries. Appellant sued Gerdenich for violations of R.C. 5321.04, asserting that it had a duty to keep the premises safe, habitable and in good repair and that it breached its duty by negligently maintaining the garage door and failing to correct the defect which caused it to fall.
 {¶ 3} The trial court granted Gerdenich's motion for summary judgment, finding that Avila never informed Gerdenich of any maintenance problems or concerns with the garage door and that there was no evidence in the record establishing that Gerdenich knew, or should have known, of any dangerous condition existing with respect to the garage door. The trial court also found that there was no evidence that a defective garage door would render the premises unfit and uninhabitable.
 {¶ 4} On appeal, appellant raises the following sole assignment of error:
 {¶ 5} "The trial court erred in determining that Gerdenich Realty had no notice of the dangerous garage door."
 {¶ 6} In reviewing a motion for summary judgment, we must apply the same standard as the trial court. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving *Page 3 
party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 7} In pertinent part to this appeal, R.C. 5321.04(A) states that a landlord must "[c]omply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety" and "[m]ake all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition." R.C. 5321.04(A)(1) and (2). "A landlord is liable for injuries, sustained on the demised residential premises, which are proximately caused by the landlord's failure to fulfill the duties imposed by R.C. 5321.04." Shroades v. Rental Homes, Inc. (1981),68 Ohio St.2d 20, syllabus. "A landlord's violation of the duties imposed by R.C. 5321.04(A)(1) or 5321.04(A)(2) constitutes negligence per se, but a landlord will be excused from liability under either section if he neither knew nor should have known of the factual circumstances that caused the violation." Sikora v. Wenzel (2000), 88 Ohio St.3d 493, syllabus.
 {¶ 8} Appellant argues on appeal that although Gerdenich did not know "that the garage door was in such a state of disrepair that a section of the door would fall down and hit the appellant on the head, it should have known of the dangerous condition." Specifically, Cecil Harrison, Gerdenich's handyman who repaired the garage door after the incident, testified that anyone would have been able to determine that the bolts were loose by opening and closing the garage door. Based on Harrison's testimony, appellant argues that had Dixon, during her inspection of the townhouse, entered the garage and *Page 4 
done anything more than glance around, she would have seen that the bolts on the top panel were loose. Because she was present in the townhouse when the loose bolts were allegedly discoverable, appellant argues that a reasonable person could conclude that Gerdenich should have been on notice of the defect, which would have triggered its duty to repair under R.C. 5321.04(A)(2).
 {¶ 9} We agree with the trial court that Gerdenich did not violate R.C. 5321.04(A) because the defect in this case, loose garage door bolts, was not a violation of any safety code and did not render the premises unfit or inhabitable. "The meaning and interpretation of the statutory phrase `fit and habitable' will not be liberally construed to include that which does not clearly fall within the import of the statute." Parks v. Menyhart Plumbing and Heating Supply Co., Inc. (Dec. 9, 1999), 8th Dist. No. 75424, citing LaCourse v. Fleitz (1986),28 Ohio St.3d 209. "Fitness and habitability entails such defects as lack of water or heat, faulty wiring, or vermin infestation," and does not include items such as missing handrails. Parks, citing Taylor v.Alexander (July 11, 1986), 11th Dist. No. 3550. Because appellant did not establish that the alleged defect rendered the premises unfit and uninhabitable, liability may not be predicated under R.C. 5321.04(A)(2).
 {¶ 10} Nevertheless, even if the alleged defect in this case fell within R.C. 5321.04(A), there is no evidence that Gerdenich knew or should have known of the loose bolts. Avila never informed Gerdenich of any potential defects or problems with the garage door and no other garage door in the complex had previous problems. *Page 5 
Additionally, R.C. 5321.04 sets forth no affirmative duty on the landlord to inspect the premises and no such duty was recognized by the Ohio Supreme Court in Shroades, 68 Ohio St.2d 20, or Sikora,88 Ohio St.3d 493. Boyd v. Hariani, 9th Dist. No. 22500, 2005-Ohio-4536, ¶ 32. Therefore, even if Dixon could have discovered the loose bolts by opening the garage door during her inspection, she was not obligated to do so. Moreover, she did not open the door and, thus, was not in a position to discover loose bolts. Furthermore, we note that Avila was obligated to keep the garage door in a safe condition, pursuant to R.C.5321.05(A)(1), because it was located in an area of the townhouse that she occupied. Despite her control over the area, Avila also never detected the alleged defect. A landlord "has no common law or statutory duty to do that of which he has no knowledge, no possession and no control." Parks, supra.
 {¶ 11} Appellant also argues that Gerdenich "should have been on notice of the defect by virtue of the recommendations for maintenance listed in the garage door's owner's manual." Specifically, appellant asserts that Gerdenich did not have a duty to maintain the garage door, but argue that "the door's owner's manual put [Gerdenich] on constructive notice that the door should be checked annually for problems such as those that Mr. Harrison * * * testified caused the door panel to fall." Appellant asserts that "reasonable minds could conclude that the Appellee should have been on notice of the dangerous defect in the garage door because of the recommendations listed in the door's owner's manual." *Page 6 
 {¶ 12} Initially, we find that no witness identified the make or model of the garage door and that the alleged garage door manual was not authenticated by any witness. Additionally, Dixon testified that there was no manual for the garage door. Thus, there is no evidence that Gerdenich was aware of the alleged maintenance recommendations contained therein. Even if Gerdenich should have known that the manufacturer recommended regular maintenance checks, Gerdenich had no duty to conduct those maintenance checks. A landlord is not "an insurer of the safety of others." Sikora, supra at 499, Justice Resnick's concurring opinion. "`[G]eneral knowledge of the possibility of a defect does not rise to the level of either actual or constructive notice.'" Parks, supra, citing Burnworth v. Harper (1996), 109 Ohio App.3d 401, 406.
 {¶ 13} Accordingly, we find that no genuine issues of material fact exist and that reasonable minds can only conclude that Gerdenich did not have actual or constructive knowledge of the alleged defect in this case. Without notice of the defect, Gerdenich breached no duty to appellant and, therefore, is not liable for appellant's injuries. Appellant's sole assignment of error is found not well-taken.
 {¶ 14} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., concur. *Page 1