[Cite as *Wilmoth v. Akron Metro. Hous. Auth.*, 2016-Ohio-3441.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BARBARA WILMOTH

     Appellant

     v.

AKRON METROPOLITAN HOUSING
AUTHORITY

     Appellee

C.A. No.     27746

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2014-03-1529

DECISION AND JOURNAL ENTRY

Dated: June 15, 2016

SCHAFER, Judge.

{¶1}    Plaintiff-Appellant, John Collins, acting as Administrator of the Estate of Barbara Wilmoth ("Appellant"), appeals the trial court's entry of summary judgment in favor of Defendant-Appellee, Akron Metropolitan Housing Authority ("AMHA"), on Appellant's negligence per se and common law negligence claims. We affirm the trial court's judgment as it relates to Appellant's negligence per se claim and to its refusal to consider evidence of AMHA's subsequent remedial measures. However, we reverse the trial court's judgment as it relates to Appellant's common law negligence claim and remand the matter for further proceedings on this claim.

I.

{¶2}    This is a trip-and-fall case. Ms. Wilmoth was a tenant at the Allen Dixon Apartment Complex, which AMHA operates. The complex provides housing to individuals who are senior citizens, disabled, or both. At the time of the incident giving rise to this matter, Ms.

Wilmoth qualified for residency as a senior citizen since she was 64-years-old. She suffered from a variety of serious medical ailments, including narcolepsy, migraines, emphysema, high blood pressure, major depression, as well as previous instances of a heart attack and a stroke.

{¶3}　On her first day as a tenant, Ms. Wilmoth was instructed to deposit boxes in a location near the back of the complex that was reserved for trash disposal. During her first trip to the disposal area, Ms. Wilmoth carried two full-sized boxes through a set of double doors before turning left. She walked to a pile of boxes and threw her boxes on top of the pile. After throwing the boxes, Ms. Wilmoth immediately did a U-turn to head toward her vehicle in the adjacent parking lot. While heading toward the vehicle, Ms. Wilmoth fell off the curb. She did not look down after depositing the boxes and stepping toward the curb, which she did not know was there. Ms. Wilmoth landed on her forehead and suffered multiple fractures to her patella as a result of the fall.

{¶4}　The curb that Ms. Wilmoth fell over is formed by the edge of a "walkway leading into the parking lot." The walkway slopes from a height of about one inch at a point located near the double doors from which Ms. Wilmoth exited, to more than six inches in height near the trash disposal area. AMHA painted the curb created by the slope white, both horizontally (on top of the walkway) and vertically (on the side of walkway perpendicular to the adjacent parking lot surface). After Ms. Wilmoth's fall, AMHA repainted the curb yellow.

{¶5}　When Ms. Wilmoth fell, numerous boxes were on the ground at the trash disposal site. There was some construction in the area, but there was no construction activity that day. As a result, no workers were present, but there was "junk" and sawhorses in the area. There was no snow or ice and the area was not wet.

{¶6}  Ms. Wilmoth filed an action against AMHA, asserting a negligence per se claim under the Landlord-Tenant Act and a common law negligence claim.  The trial court granted summary judgment in AMHA's favor.  In doing so, the court, pursuant to Evid.R. 407, declined to consider evidence that AMHA repainted the curb yellow after the incident.  While the trial court engaged in a lengthy analysis of the negligence per se claim, there was no discussion of the common law negligence claim and the possible application of the open and obvious doctrine.

{¶7}  Ms. Wilmoth filed this timely appeal.  After filing the notice of appeal, Ms. Wilmoth passed away and this Court substituted Appellant as the proper party to this action.  The appeal presents two assignments of error for our review.  Because the second assignment of error relates to the quantum of evidence properly before the trial court, we elect to address that assignment of error first.

II.

**Assignment of Error II**

**The trial court erred in excluding evidence of subsequent remedial measures.**

{¶8}  In the second assignment of error, Appellant argues that the trial court abused its discretion by excluding evidence that AMHA repainted the curb yellow after Ms. Wilmoth's fall.  We disagree.

{¶9}  The second assignment of error relates to Appellant's common law negligence claim and AMHA's defense that Appellant could not recover under that theory because the curb was an open and obvious hazard.  To establish liability for negligence, the plaintiff must show that the defendant owed her a duty, breached that duty, and that the breach of the duty proximately caused damages.  *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, ¶ 22.  The open and obvious doctrine prevents a plaintiff from establishing the duty

prong for a common law negligence claim. *Armstrong v. Best Buy, Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 5. The existence of a legal duty in negligence actions is a question of law for the trial court to decide. *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989); *see also Williamson v. Geeting*, 12th Dist. Preble No. CA2011-09-011, 2012-Ohio-2849, ¶ 19 ("Whether a hazard is an open and obvious condition is a matter of law to be determined by the court, and therefore, [is] a suitable basis for summary judgment.").

{¶10} The second assignment of error also implicates the provisions of Evid.R. 407, which states as follows:

> When, after an injury or harm allegedly caused by an event, measures are taken which, if taken previously would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

The reasoning for Evid.R. 407 is two-fold. *McFarland v. Bruno Mach. Corp.*, 68 Ohio St.3d 305, 307-308 (1994). First, evidence of subsequent remedial measures has minimal or non-existent probative value in establishing negligence because remedial action does not constitute admission of negligence. *Id*. Rather, the injury may have been caused simply by accident or through the plaintiff's contributory negligence. *Id*. at 308. "The second explanation for excluding evidence under the rule is based on the social policy of encouraging repairs or corrections. * * * [A] defendant would be less likely to take subsequent remedial measures if the repairs or corrections should be used as evidence against the defendant at trial." *Id*.

{¶11} Evid.R. 407 is not absolute in its prohibition of evidence regarding subsequent remedial measures. Instead, the rule expressly does not apply to exclude evidence of such measures (1) for impeachment, or (2) to prove ownership, control, or the feasibility of

precautionary measures. The ownership, control, or feasibility of precautionary measures it not contested in this matter. Rather, Appellant argues that the repainting of the curb may be used to impeach AMHA's defense that the curb was an open and obvious hazard. As a result, we constrain our review to the potential impeachment of AMHA's open and obvious defense.

{¶12} We review a trial court's admission or exclusion of evidence under Evid.R. 407 for an abuse of discretion. *State v. Kellwood*, 9th Dist. Medina No. 3069-M, 2000 WL 1875411, *3 (Dec. 27, 2000). An abuse of discretion implies the court's decision was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶13} Proof of the open and obvious defense is inextricably linked with proof of a negligence claim. As a result, the discoverability of the paint on the curb is at the core of AMHA's open and obvious defense that it asserted to avoid liability. Thus, Appellant's attempt to introduce the evidence of repainting after Ms. Wilmoth's fall defeats the policy behind Evid.R. 407 and the trial court did not abuse its discretion in disallowing the evidence. *See Hill v. W. Res. Catering, Ltd.*, 8th Dist. Cuyahoga No. 93930, 2010-Ohio-2896, ¶ 18 (affirming the trial court's exclusion of evidence that the defendant had "enhanced lighting and yellow marking" after incident since the evidence went to the defendant's negligence). *Compare Worrell v. Norfolk & W. Ry. Co.*, 94 Ohio App.3d 133, 137 (6th Dist.1994) (reversing the trial court's exclusion of evidence that the defendant's employee removed box that had fallen on the plaintiff's head because it was used to impeach the employee's testimony that he believed the box was safe where it was originally located).

{¶14} Additionally, the representations of Appellant's expert witness, J. Norman Stark, undercut Appellant's position that the evidence of repainting was merely offered for the purpose of impeachment. Mr. Stark's affidavit addresses the causation element of the negligence in this matter and focuses, in part, on the allegedly inadequate marking on the walkway. He averred that Ms. Wilmoth's fall was caused by "an irregular height pavement which was improperly and/or inadequately marked to warn pedestrian users of an existing hazardous condition." Evidence that AMHA repainted the curb yellow after Ms. Wilmoth's fall would bolster Mr. Stark's testimony regarding the inadequate marking of the curb and its role in causing the fall. This further demonstrates that the introduction of the evidence would violate the policy behind Evid.R. 407. *See Rondy v. Richland Newhope Industries, Inc.*, 5th Dist. Richland No. 15CA45, 2016-Ohio-118, ¶ 60 ("Upon review, we agree with the trial court that Appellants are attempting to use the subsequent remedial measures to prove a breach of duty under a theory of negligence, which is disallowed under Evid.R. 407.").

{¶15} Accordingly, we overrule Appellant's second assignment of error.

## Assignment of Error I

**The trial court erred in granting summary judgment to [] AMHA.**

{¶16} In the first assignment of error, Appellant contends that the trial court improperly granted summary judgment in favor of AMHA. We disagree with Appellant's argument that summary judgment was improperly granted in favor of AMHA on the negligence per se claim. However, we agree insofar as the trial court erred by granting summary judgment in favor of AMHA on Appellant's common law negligence claim without addressing the issue in its judgment entry.

## A. Standard of Review

**{¶17}** We review a trial court's ruling on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is only appropriate where (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. Civ.R. 56(C). Before making such a contrary finding, however, a court must view the evidence "most strongly in favor" of the non-moving party, *id.*, and resolve all doubts in its favor, *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

**{¶18}** Summary judgment proceedings create a burden-shifting paradigm. To prevail on a motion for summary judgment, the movant has the initial burden to identify the portions of the record demonstrating the lack of a genuine issue of material fact and the movant's entitlement to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). In satisfying the initial burden, the movant need not offer affirmative evidence, but it must identify those portions of the record that support her argument. *Id.* Once the movant overcomes the initial burden, the non-moving party is precluded from merely resting upon the allegations contained in the pleadings to establish a genuine issue of material fact. Civ.R. 56(E). Instead, it has the reciprocal burden of responding and setting forth specific facts that demonstrate the existence of a "genuine triable issue." *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

## B. Negligence Per Se Claim

**{¶19}** "Negligence per se lessens the plaintiff's burden only on the issue of the actor's departure from the standard of conduct required of a reasonable [person]. Such negligence makes the actor subject to liability * * * but it does not necessarily make him liable. (Internal quotations and citations omitted.) *Sikora v. Wenzel*, 88 Ohio St.3d 493, 497 (2000). "[T]he

plaintiff will also have to prove proximate cause and damages." *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, ¶ 23. Appellant's negligence per se claim is based on AMHA's purported violations of the Landlord-Tenant Act. The relevant provision states that:

A landlord who is a party to a rental agreement shall do all of the following:

(1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;

(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;

(3) Keep all common areas of the premises in a safe and sanitary condition[.]

R.C. 5321.04(A)(1)-(3). A violation of any of these subsections can give rise to a negligence per se claim. *See Mann v. Northgate Investors, L.L.C.*, 138 Ohio St.3d 175, 2014-Ohio-455, ¶ 33; *Sikora* at 498. Each of the subsections is considered below in turn.

**{¶20}** To support a violation of R.C. 5321.04(A)(1), a plaintiff must provide evidence of a specific code that the defendant allegedly violated. *See Lewis v. Wall*, 11th Dist. Ashtabula No. 2007-A-0048, 2008-Ohio-3387, ¶ 32 (determining that the plaintiff's R.C. 5321.04(A)(1) claim was "without merit" because the plaintiff "failed to provide any evidence that [the defendant] breached any building, housing, health, or safety code"). Appellant has failed to satisfy this requirement. Mr. Stark's affidavit merely includes the conclusory averment that the curb's changing elevation violated portions of the American Disabilities Act. However, Mr. Stark did not identify a specific provision of the ADA that was allegedly violated. Consequently, there was no issue of fact for a jury to decide regarding the alleged violation of R.C. 5321.04(A)(1).

**{¶21}** The record similarly lacks evidence that AMHA violated R.C. 5321.04(A)(2). Under this subsection, a tenant must show that a defective condition exists that makes the

premises unfit or uninhabitable. The warranty of habitability is not a warranty "against all discomfort and inconvenience." (Internal quotation and citation omitted.) *Wenzke v. Baird*, 6th Dist. Lucas No. L-13-1244, 2014-Ohio-3069 ¶ 18. "'The meaning and interpretation of the statutory phrase "fit and habitable" will not be liberally construed to include that which does not clearly fall within the import of the statute.'" *Gress v. Wechter*, 6th Dist. Huron No. H-12-023, 2013-Ohio-971, ¶ 20, quoting *Avila v. Gerdenich Realty Co.*, 6th Dist. Lucas No. L-07-1098, 2007-Ohio-6356, ¶ 9. The concept of fitness and habitability is concerned with defects that force a tenant to endure serious deprivations of basic needs or threats to the tenant's health or safety, including "such defects as lack of water or heat, faulty wiring or vermin infestation[.]" *Id*.

{¶22} We determine as a matter of law that the sloped walkway with alleged nonstandard curb height does not violate the requirement of fitness and habitability. *See Sterling v. Stevens*, 7th Dist. Jefferson No. 02 JE 47, 2003-Ohio-5153, ¶ 16 (determining that a 1.5-inch indentation in ground did not render property uninhabitable); *Aldridge v. Englewood Village, Ltd.*, 2d Dist. Montgomery No. 10251, 1987 WL 15015, * 3 (July 22, 1987) (determining that "a threshold allegedly three-quarters of an inch too high" did not render property uninhabitable). We are particularly compelled to reach this determination in this matter because there was no allegation or evidence that tenants had no choice but to traverse the curb to gain access to the building or the parking lot. *See Mullins v. Grosz*, 10th Dist. Franklin No. 10AP-23, 2010-Ohio-3844, ¶ 36 (noting that "there was more than one usable access to the home" when deciding that lack of handrail on front porch did not render property uninhabitable). There is no basis to conclude that the curb made the premises unfit or uninhabitable. As a result, the trial court did not err when it granted summary judgment to AMHA on Appellant's claim of negligence per se under R.C. 5321.04(A)(2).

{¶23} Finally, Appellant has failed to establish negligence per se under R.C. 5321.04(A)(3) because there is no evidence that AMHA knew or should have known of the allegedly defective curb. The Supreme Court of Ohio has held that "a landlord will be excused from liability * * * if [the landlord] neither knew nor should have known of the factual circumstances that caused the violation of the Landlord-Tenant Act." *Sikora*, 88 Ohio St.3d at syllabus; *see also Boyd v. Hariani*, 9th Dist. Summit No. 22500, 2005-Ohio-4536, ¶ 24 (discussing import of *Sikora*). In attempting to prove notice to AMHA, Appellant argues that AMHA created the alleged defect and that the faded condition of the white paint proved that the condition had been worn for some time. But, this argument fails to show that AMHA lacked constructive or actual notice that the curb presented a hazard because of its nonstandard height, the slope of the walkway, or condition of the paint. AMHA's property manager for the complex testified that the construction department conducted a general inspection at least twice a year. Appellant has failed to point to any portion of the manager's testimony or any other evidence in the record that would establish that these inspections resulted in actual or constructive knowledge of the alleged hazard. Moreover, there is no indication in the record that any other resident of the complex had previously fallen from the curb prior to Ms. Wilmoth's trip-and-fall. Consequently, without evidence that AMHA knew or should have known of the curb's allegedly hazardous nature, no question of fact remains for Appellant's allegations under the Landlord-Tenant Act. *See Sikora* at 498 ("Given that [the defendant] neither knew nor should have known of the condition giving rise to the violation [of the Landlord-Tenant Act], his violation is excused and he is not liable to [the plaintiff.]"); *Boyd* at ¶ 26-28 (determining that plaintiff failed to provide necessary notice to landlord defendant in order to prove liability under the Landlord-

Tenant Act where the defendant's inspectors did not note any concerns with a cracked step after inspecting the property).

{¶24} A review of the record reveals that there is not a genuine issue of material fact that precludes the grant of summary judgment in favor of AMHA on Appellant's negligence per se claim. Consequently, we conclude that the trial court did not err by granting summary judgment to AMHA on this claim.

### C. Common Law Negligence Claim

{¶25} Although the trial court extensively discussed the negligence per se claim in its entry, it did not address Appellant's common law negligence claim or whether the open and obvious doctrine defense precluded recovery. While the parties briefed these issues on appeal, we are a reviewing court and cannot provide meaningful review "[if the] trial court's judgment is not sufficiently detailed[.]" *Zemla v. Zemla*, 9th Dist. Wayne No. 11CA0010, 2012-Ohio-2829, ¶ 19. As a result, when the trial court fails to address a claim in the first instance, we are left with no choice but to reverse the judgment and remand the matter for the trial court to address it. *See Maurer v. Wayne Cty. Bd. of Cty. Commrs.*, 9th Dist. Wayne No. 14AP0039, 2015-Ohio-5318, ¶ 11 ("As we are a reviewing court, we will not consider issues relevant to the motion for summary judgment in the first instance."); *State v. M.D.*, 9th Dist. Lorain No. 14CA010657, 2015-Ohio-4003, ¶ 7 (reversing trial court's denial of expungement request because it only addressed statutory eligibility, not the availability of an expungement under the trial court's inherent authority, which was the basis for the petitioner's claim); *Hunt v. Alderman*, 9th Dist. Summit No. 27416, 2015-Ohio-4667, ¶ 19 (reversing trial court's grant of summary judgment because the reviewing court was "unable to fully and appropriately review the trial court's decision in light of its brief entry"). Consequently, to the extent that Appellant argues the trial

court erred in granting summary judgment on the common law negligence claim, we agree insofar as the trial court failed to address the issue in its entry. In line with this determination, we reverse the trial court's grant of summary judgment as it relates to Appellant's common law negligence claim and remand the matter "'so that the trial court can create an entry sufficient to permit appellate review.'" *Pitts v. Sibert*, 9th Dist. Summit No. 27345, 2015-Ohio-3020, ¶ 21, quoting *MSRK, L.L.C. v. Twinsburg*, 9th Dist. Summit No. 24949, 2012-Ohio-2608, ¶ 10.

**{¶26}** Accordingly, we overrule Appellant's first assignment of error as it relates to the negligence per se claim. However, we sustain the first assignment of error as it relates to the common law negligence claim solely to the extent that the trial court failed to properly address this claim before granting summary judgment to AMHA.

III.

**{¶27}** Having sustained the first assignment of error in part and overruled the second assignment of error, we affirm in part and reverse in part the judgment of the Summit County Court of Common Pleas. This matter is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,<br>reversed in part,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JULIE A. SCHAFER
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, P. J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶28}  I would reverse the grant of summary judgment on all claims.

APPEARANCES:

LAWRENCE J. SCANLON, Attorney at Law, for Appellant.

FRANK G. MAZGAJ and EMILY R. YODER, Attorneys at Law, for Appellee.